E. M. SHORT v. W. A. BLOUNT.

*Bill of Exchange—Order—Draft—Acceptance—Contract.*

Where upon the presentation of an order for the payment of money the drawee declined to accept it, alleging that the drawer had over-drawn, but retained the order, and subsequently said, "I think there will be money enough—it will be all right—I will pay it," but there was no written acceptance; *Held*, that this conduct amounted to an acceptance in law.

CIVIL ACTION, tried at February Term, 1887, before *Avery*, *J.*, of BEAUFORT Superior Court.

This action began before a Justice of Peace to recover the money specified in the order sued upon, of which the follow-ing is a copy:

"APRIL 20, 1885.

"Dr. W. A. Blount will please pay E. M. Short $58.55 for value received, and oblige

J. E. LORDLEY.

It is alleged that the defendant, on whom the order was drawn, verbally accepted and agreed to pay the same.

This the defendant denied.

The Justice of the Peace gave judgment in favor of the defendant, and the plaintiff appealed to the Superior Court.

In the latter Court, on the trial, it was in evidence that the firm of Lordley & Gardner, contractors, had contracted in writing to furnish all material at their own expense and build and complete a house for defendant; that defendant was to pay so much therefor at different stages of the work, if done as per contract and completed; that this order was drawn and given to Short by Lordley for material Lordley & Gardner used in the building.

4

E. M. Short testified that he presented the order and defendant would not pay it, complaining that contractors had overdrawn and there was not that due them; and they were not progressing and doing their work according to contract, and said, "Let me see Lordley first;" next day defendant told plaintiff that he thought he would have to lose $46; about ten days after defendant said to plaintiff, " I think there will be money enough to pay you, and it will be all right, and I will pay it;" the next Saturday after date of order witness sent Hancock to defendant; he did not get the money ; sometime in July or August defendant said he could not pay the order; the order was left with defendant by witness when first presented and retained by him, with plaintiff's consent, until shortly before the magistrate's trial.

Hancock testified that at Short's request he went to see defendant, and presented an order for laths for $7, which Short had on defendant, and which Short had delivered to Lordley on defendant's special order; that defendant paid this order, and witness asked him about the other order, when he said "he would not pay it that afternoon, but tell Short it is all right, and I will pay it," which reply witness communicated to plaintiff.

This evidence was denied by defendant, who testified that he had no funds of Lordley, and that the contractors never completed the contract.

Plaintiff testified that according to his calculation there ought to have been enough money in Blount's hands to pay the order at its date.   The plaintiff requested the Court to charge the jury:

" 1. If the defendant, on being presented by Hancock, plaintiff's agent, with this draft, conveyed the impression such as to satisfy an intelligent man that he would pay this draft, and this order was accepted by plaintiff, the defendant is liable.

"2. If the defendant, the drawee, retained the order or draft from the day when it was presented, April 20th, 1885, and his acts and conduct indicated an intention to comply with the request of drawer; or if defendant, by telling plaintiff he would pay it, or by message sent by Hancock, justified plaintiff in drawing conclusion that drawee intended to accept it, should be regarded as an acceptance and defendant is liable."

The Court declined these instructions and instructed the jury as follows:

"1. That if the jury believe the testimony of plaintiff, defendant did not accept the draft when first presented and the only question arising out of his testimony is whether on the next day the defendant said to plaintiff (as testified by plaintiff) 'I think there will be money enough to pay it, and it will be all right, and I will pay it,' and whether if he did use those words it amounted in law to an acceptance. The Court holds this language is too uncertain and equivocal to amount to an acceptance. The Court also instructs you—

"2. That the language alleged to have been used by defendant when plaintiff's agent, Hancock, demanded payment of the order, to-wit.: 'I cannot pay it, (meaning the order sued on) but tell Mr. Short (the plaintiff) that it is all right, and I will pay it,' does not amount to an acceptance in law on the part of the defendant."

Plaintiff excepted to the refusal of the Court to instruct the jury as requested, and to the instructions given in lieu.

The jury found the issue submitted in favor of defendant.

There was judgment in favor of defendant, from which plaintiff appealed.

*Mr. J. H. Small*, for the plaintiff.
*Mr. Geo. H. Brown, Jr.*, for the defendant.

MERRIMON, J., (after stating the case).   By the acceptance of a bill of exchange is meant the act or declaration by which the drawee therein named evinces—makes manifest—his assent and agreement to comply with and be bound by the request and order contained in the bill directed to him according to its tenor, if the acceptance be absolute.   It is in substance an agreement to pay the sum of money specified in the bill as therein directed.   Chit. on Bills, 281; Story on Bills of Ex., § 238; 1 Par. on Notes and Bills, 281.

No particular words or form of words or manner of expression are necessary to a valid acceptance, but it should generally be in writing, because this is orderly, promotes the convenience of business transactions, renders them more certain, and facilitates the proof of acceptance.

Writing, however, is not essential in the absence of statutory legislation requiring it; the acceptance may be verbal or in writing; either method is valid; but it must appear by express words or reasonable inference.   The intention of the acceptor to pay the bill must clearly appear in whatever manner evinced.

Usually the drawee makes his acceptance by writing his name across the face of the bill, and just over it the word " accepted," but it may be made by any word or phraseology implying substantially the same thing.   Any words used by the drawee to the drawer or holder, or the agent of either, which by reasonable intendment signify that he honors the bill—will pay it—will amount to an acceptance.   And though he may not on presentment of the bill accept at once, if he afterwards does so, this will be sufficient to bind him, although the holder would have the right to insist upon prompt acceptance according to the terms of the bill.

Now if the evidence produced on the trial be accepted as substantially true, we think that what the defendant said and did was an acceptance of the order in question.   He at first, in the month of April, refused to pay it on the ground that the

contractors had " overdrawn"; he took the order and kept it until shortly before the action began on the 8th of August, 1885; he said, having in view some disposition of it, " let me see Lordley first."

About ten days after first seeing the order, having it in his possession, he said to plaintiff: " I think there will be money enough to pay you, and it will be all right, and I will pay it." Afterwards the plaintiff sent to the defendant for the money; it was not paid. After that time the plaintiff again sent his agent, who asked the defendant " about the order"— the one in question. The latter said " he would not pay it that afternoon, but tell Short (the plaintiff) it is all right, and I will pay it." The agent so informed the plaintiff.

The defendant thus cautiously took ample time to examine the state of the drawer's account with himself, and to determine whether or not he would agree to pay the order.

After such consideration—understanding the whole matter—it must fairly be so taken—he said, without qualification, to the plaintiff's agent: " Tell Short it (the order) is all right, and I will pay it."

The defendant was fully advised; he must have understood the purport of his language; it was plain, direct and positive, and an absolute promise to pay the order. He could scarcely have employed more unequivocal or more pertinent words. If he made the promise to pay, he accepted the order and impliedly admitted that he had money of the drawee to pay it. The promise was to pay the order on the day next after the promise; he said he would not pay it the afternoon of the day he made it.

The defendant testified that he did not make the promise last mentioned. Whether he did or not was a question of fact for the jury to determine. The Court instructed the jury that the promise was not an acceptance if made. We think it was, if the evidence, taken as a whole, were true.

There is error, and the plaintiff is entitled to a new trial.

Error.