[Civ. No. 1443. First Appellate District.—January 28, 1915.]

## C. U. BARLOW, Respondent, v. EDWARD LANDE, Appellant.

ORDER FOR PAYMENT OF MONEY—FEES OF ATTORNEY OF EXECUTOR— ORDER FOR PAYMENT OUT OF—ACCEPTANCE BY DRAWEE—ATTEMPTED CANCELLATION—INADMISSIBLE EVIDENCE.—In an action upon a written order drawn upon the executor of the estate of a deceased person by the attorney for the executor directing the payment of a certain sum of money with interest thereon out of the fees to be allowed the attorney by the court to be paid by the executor, which order was accepted by the executor, where it was admitted that the order was executed and accepted and that subsequent to the acceptance a sum of money greatly in excess of the amount called for by the order had been allowed to the executor and actually paid to the attorney for services as the attorney of the executor, the court properly refused to permit the defendant to show in evidence

that he had never received any consideration for the acceptance of the order, that there was no consideration for the order between the drawer and the payee and that after its acceptance the order was canceled by written notice to that effect from the attorney to the executor.

ID.—ACCEPTANCE—EQUITABLE ASSIGNMENT—ADMISSION OF ORIGINAL DEBT.—The drawing and delivery of a non-negotiable order for the payment of a part of a debt operates as an equitable assignment *pro tanto* as between the assignee and payee, although such an assignment in and of itself does not, as between the drawee and payee, obligate the former to recognize the assignment and pay the sum called for therein. Being only for a portion of a debt, the drawee may insist upon his right to discharge the debt *in toto*, and by a single payment. But by accepting the assignment, even though it be for a part of the debt, the debtor admits the original debt, and to the extent of the sum called for in the assignment becomes the debtor of the assignee, and assumes the obligation to pay only him.

ID.—LACK OF CONSIDERATION—WHEN NO DEFENSE.—In such a case the original indebtedness of the drawee will be deemed a sufficient consideration for the drawee's acceptance of the assignment and consequent liability to the assignee thereof; and it is no defense to an action by the assignee of a debt that there was no consideration for the assignment. Owing the debt, it is immaterial to the debtor to whom he pays it, providing he be protected against the demand of the original creditor for the payment of the same debt, and this the assignment and its acceptance would fully do.

ID.—ASSIGNMENT OF DEBT—RESCISSION.—An assignment of a debt which has been accepted cannot be rescinded or annulled at the mere option of the assignor.

ID.—PLEADING AND PROOF—VARIANCE—WHEN IMMATERIAL.—In such a case a variance between the pleading and proof in that the complaint alleged that the maker of the order had been personally allowed the fees referred to in the order, whereas the proof showed that in fact such fees had been allowed, as the law requires, to the executor, was immaterial where it did not mislead the defendant, defendant having stipulated at the trial that subsequent to the execution and acceptance of the order the defendant had actually paid the attorney, pursuant to the order of the court, a sum for attorney's fees in excess of the amount called for by the order.

ID.—JUDGMENT—INTEREST.—The statute permits the allowance of an agreed interest only up to the time of entry of judgment, and limits the allowance of interest upon the judgment to the rate of seven per cent per annum; and therefore a judgment in such a case allowing the attorney a certain sum and the agreed rate of interest at twelve per cent per annum from the date of the order "till paid" should be modified by striking out the words "till paid."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Marshall B. Woodworth, Howard Harron, and Gerald C. Halsey, for Appellant.

William F. Herron, for Respondent.

LENNON, P. J.—The plaintiff's cause of action was based upon the alleged liability of the defendant as the acceptor of a written order drawn upon him for the payment of a certain sum of money, which order reads as follows:

"San Francisco, Cal., March 8, 1910.
To EDWARD LANDE, ESQ., Executor Julius Friedman Estate,
    San Francisco, Cal.

Dear Sir:—Kindly pay to C. U. Barlow or order the sum of $551.20, with interest thereon at the rate of one per cent per month till paid, out of the next fees allowed by order of court and ordered paid by executors by order of court.

MARSHALL B. WOODWORTH.

I hereby accept the within order as requested in the foregoing sum, March 8, 1910.

EDWARD LANDE,
As executor of the Estate of Julius Friedman, deceased.
March 15, 1910.''

The answer of the defendant, while admitting the making, delivery, and acceptance of the order, denied that it was made, delivered, and accepted for a valuable consideration, and pleaded as a special defense to the action that there was no consideration for the making of the order in the first instance, nor for its subsequent acceptance by the defendant, and that prior to the happening of the condition expressed in the order the maker thereof gave notice to the defendant not to pay the plaintiff the sum of money called for by the order.   The judgment upon the verdict of a jury was entered in favor of the plaintiff, from which and from an order denying a new trial the defendant has appealed.

It was an admitted fact in the case that the order in question was executed and delivered to the plaintiff by Wood-

worth, the maker; that it was thereupon accepted in writing by the defendant; that subsequent to the date of the defendant's acceptance a sum of money greatly in excess of the amount called for by the order had been allowed to the defendant and actually paid to Woodworth for and on account of the latter's professional services rendered as an attorney at law to the defendant as the executor of the estate of Julius Friedman, deceased.

The trial court rightly refused to permit the defendant to show in evidence: 1. That he had never received any consideration for the acceptance of the order; 2. That there was no consideration for the order as between Woodworth, the drawer, and plaintiff, the payee of the order; and, 3. That after its acceptance the order was canceled by written notice to that effect from Woodworth to the defendant.

It is the rule of law in this state that the drawing and delivery of a non-negotiable order for the payment of a part of a debt operates as an equitable assignment *pro tanto* as between the assignee and payee, although such an assignment in and of itself does not, as between the drawee and payee, obligate the former to recognize the assignment and pay the sum called for therein. Being only for a portion of a debt, the drawee may insist upon his right to discharge the debt *in toto*, and by a single payment. But by accepting the assignment, even though it be for only a part of the debt, the debtor admits the original debt, and to the extent of the sum called for in the assignment becomes the debtor of the assignee, and assumes the obligation to pay only him. In such a case the original indebtedness of the drawee will be deemed a sufficient consideration for the drawee's acceptance of the assignment and consequent liability to the assignee thereof. It is no defense to an action by the assignee of a debt that there was no consideration for the assignment. Owing the debt it is immaterial to the debtor to whom he pays it, providing he be protected against the demand of the original creditor for the payment of the same debt. This the assignment and its acceptance would fully do. Consequently the purpose and consideration of the assignment in the present case were no concern of the defendant. And an assignment of a debt which has been accepted cannot be rescinded or annulled at the mere option of the assignor.

These conclusions are fully supported, we think, by numerous authorities, among which may be noted the following: *Caulfield* v. *Sanders,* 17 Cal. 569; *Kelly* v. *Hampton,* 22 Cal. App. 68, [133 Pac. 339]; *Greig* v. *Riordan,* 99 Cal. 316, [33 Pac. 913]; *Goldman* v. *Murray,* 164 Cal. 419, [129 Pac. 462]; *Robinson etc.* v. *Johnson,* 10 Colo. App. 135, [50 Pac. 215]; *Toplitz* v. *King,* 20 Misc. Rep. 576, [46 N. Y. Supp. 418]; *Welch* v. *Mayer,* 4 Colo. App. 440, [36 Pac. 613]; *Hackett* v. *Martin,* 8 Greenl. (Me.) 77; *Chapman* v. *Haley,* 43 N. H. 300; *Sevier* v. *McWhorter,* 27 Miss. 442; *Blin* v. *Pierce,* 20 Vt. 25; *Vanstrum* v. *Liljengren,* 37 Minn. 191, [33 N. W. 555]; *Chamberlin* v. *Gilman,* 10 Colo. 94, [14 Pac. 107].

Appellant insists that there was a fatal variance between plaintiff's pleadings and proof, because the complaint alleged that Woodworth, the maker of the order, had been personally allowed the fees referred to in the order, whereas the proof showed that in fact such fees had been allowed, as the law requires, to the defendant as the executor of the estate of Friedman. The variance may be conceded; but that it did not mislead the defendant, and therefore was immaterial, is evidenced by the fact that it was stipulated at the trial by counsel for the respective parties that subsequent to the execution and acceptance of the order the defendant had actually paid Woodworth, pursuant to the order of the court, a sum for attorney's fees in excess of one thousand dollars.

Complaint is made of the judgment, in so far as it provides for the allowance of interest upon the principal sum sued for "at the rate of twelve per cent per annum from the 8th day of March, 1910 (the date of the order), till paid." While the judgment in effect embraces, and properly so, the principal sum found to be due the plaintiff together with the agreed rate of interest thereon, nevertheless as written and entered it might be construed to mean that it was to bear interest at the rate of twelve per cent per annum until paid; and so construed it would be in violation of those statutory provisions which permit the allowance of an agreed interest only up to the time of the entry of the judgment, and limit the allowance of interest upon judgments to a rate of seven per cent per annum (Civ. Code, secs. 1918, 1920).

Our conclusion concerning and confirming the correctness of the rulings of the trial court practically disposes of the defendant's objections to the charge of the trial court which,

when read and considered in its entirety, consistently, and correctly stated the law of the case.

The judgment is modified by striking therefrom the words "till paid," and as modified the judgment will stand affirmed without costs to the appellant, and the order denying a new trial is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1915.