No. 20,717.

THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellee*, v. THE CITY OF STAFFORD and THE FARMERS NATIONAL BANK OF STAFFORD, *Appellants*.

### SYLLABUS BY THE COURT.

CITY IMPROVEMENTS — *Contract — Default of Contractor — Finished by Surety—Apportionment of Loss.* The contract price of a municipal improvement having proved insufficient to meet all the claims for labor and material, and a proportionate distribution of the loss among claimants having been ordered, it is held that the claim of one who is subrogated to the rights of a number of laborers and materialmen should be reduced only in the proportion that the total loss bears to the total cost of the improvement.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed June 9, 1917. Reversed.

*C. M. Williams,* of Hutchinson, for the appellants.

*Paul R. Nagle,* of St. John, *Alexander New, Arthur Miller, Edwin Camack, Maurice H. Winger,* and *P. E. Reeder,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: The city of Stafford entered into a contract for the construction of a waterworks system and electric-light plant, to cost it $27,500. The contractor abandoned the work before completion, and his bondsman, the Fidelity and Deposit Company of Maryland, finished it. The Farmers National Bank of Stafford provided money for the payment of bills for work and material furnished to the contractor, amounting to $2000, under circumstances which it maintained entitled it to

subrogation to all the rights of the original claimants. The city paid the bank this amount in full, and the payment left $5534.02 as the balance of the $27,500 appropriated to the work. The bonding company had incurred expenditures of $6888.62, and contended that the city should have paid the $2000 to it instead of to the bank. It brought an action against the city and the bank on this theory, and recovered a judgment. The defendants appealed, and on the appeal the principal question considered was whether the bank was subrogated to the rights of the original claimants who had furnished labor and material to the amount of $2000. This court answered that question in the affirmative, saying:

"Had these labor and material men retained their claims they would have been entitled to look to the city for their *pro rata* share of the contract price, but the city could not be held liable for more for it did not agree to pay more than the contract price. The excess is $1354.60, and it would not be fair or equitable for the bank to lose its entire claim or for the plaintiff to collect the full amount of its claim. The city, without authority and over the protest of the surety, paid the bank's claim in full, and the surety company may rightfully look to it and to the bank for the difference between the $2000 and the *pro rata* portion thereof which would have been enforceable against the city by the original holders of the claims paid by the bank had they retained them. This amount can be ascertained if not readily agreed upon by the parties." (*Deposit Co. v. City of Stafford*, 93 Kan. 539, 550, 144 Pac. 852.)

On the case being remanded, the district court held, in effect, that the bank's proportion of the loss should be $489.55 and rendered judgment accordingly. The defendants again appeal, insisting that the bank should have been allowed to retain all of the $2000 excepting $93.89. The decision of the trial court was based upon an apportionment of the loss in accordance with the relative amounts claimed by the parties to the controversy at the time of the settlement. We think this adjustment prejudicial to the rights of the bank. The city is a mere stakeholder in the matter. The dispute is between the bonding company and the bank. The total cost of the improvement turned out to be $28,854.60. The city's liability was limited by the contract price of $27,500, and a loss to some one necessarily resulted. This court held that the bank should suffer a proportionate scaling down of its claim. But as the bank was held to stand in the shoes of the original claimants,

who furnished labor and material for the improvement, and had no connection in any way with the manner in which the funds provided for the improvement had been disbursed, it was not responsible for the payment in full of any claims that ought to have been scaled down. The cost of the improvement was $28,854.60. The contract price was $27,500, involving a loss of $1354.60. In the absence of some reason to the contrary each claim should suffer a reduction in the proportion that $1354.60, the total loss, bears to $28,854.60, the total amount of claims. In the case of the bank's claim of $2000 this would be $93.89. We regard this as the extent to which the bank should suffer. As there is no showing of any overpayment through the fault of the city, the rest of the loss must fall on the bonding company.

The judgment is reversed and the cause remanded with direction to reduce the judgment in favor of the bonding company to $93.89 and interest.