No. 24,900.

UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant*, v. THE CITY OF PITTSBURG, of the County of Crawford, and THE FIRST NATIONAL BANK OF PITTSBURG, *Appellees*.

SYLLABUS BY THE COURT.

1. PUBLIC SEWER CONTRACT—*Contractor May Lawfully Assign Money Actually Due Him on His Contract to a Third Party—The City May Bind Itself to Pay to Said Third Party the Amount of Such Assigned Claim.* A city government may lawfully bind the city to pay to a third party, assignee of the city's creditor, a sum of money actually due the creditor at the time the city government approved the assignment and ordered payment thereof.

2. SAME—*Under the Evidence the City Was Not Liable to Contractor's Bonding Company for Money so Paid on Such Assigned Claim.* Under the facts narrated in the opinion the city was not liable to a bonding company as surety of a defaulting contractor for a sum of money which the city had agreed to pay and did pay to the contractor's assignee for money due for construction work on a public sewer, where the city's agreement to pay was made before the contractor's default, and notwithstanding the bonding company completed the sewer and was thereby entitled to the entire balance of the contract price for the sewer and to all of the defaulting contractor's rights under that contract.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY, judge. Opinion filed April 5, 1924. Affirmed.

*W. L. Wood*, of Kansas City, *A. B. Kellar*, and *George R. Malcolm*, both of Pittsburg, for the appellant.

*C. O. Pingry*, *J. J. Campbell*, and *J. E. Nulton*, all of Pittsburg, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This action was one of the consequences of the failure of a contractor to construct a sewer in Pittsburg. The plaintiff bonding company had guaranteed performance, and on the default of the contractor after he had completed most of the work and had been proportionately paid therefor, plaintiff finished the job, and sued the city for $1,500 paid to a bank on an order and assignment by the contractor and accepted by the city before the contractor's default, but not actually paid until such default. The bonding company claimed that the city should have withheld the money from the assignee and handed it over to the plaintiff.

The foregoing is a keynote to this lawsuit, but the controlling

facts need to be stated with more detail: On September 20, 1913, the city of Pittsburg made a contract with E. G. Fike for the construction of a sewer and laterals. The contract price was $33,905.28 and Fike gave the statutory bond against liens· for that sum, and a fidelity of performance bond for $25,000, both of which were signed by the plaintiff bonding company as surety and guarantor. Under Fike's contract with the city he was to receive in monthly installments:

"Ninety per cent of the work actually and satisfactorily done and completed subject to the approval of the Engineer and on detailed estimates to be made and verified by the Engineer and filed with the City Clerk shall be paid for at the end of each month from and after the time of beginning work under this contract, during the progress of the work, such claim to be presented and allowed by the mayor and commissioners, the same as other claims against the city, and to be paid for either in improvement bonds to be issued by the city to provide funds to pay for the construction of said sewer or in cash at the option of said first party."

Fike entered upon the work of improvement and within a few months he had constructed a large part of it, and had been paid therefor the sum of $29,531.56 in monthly installments based upon the city engineer's estimates. On March 13, 1914, Fike borrowed $1,500 from the First National Bank of Pittsburg, giving his note therefor, due April 2. To secure its payment, Fike assigned to the bank his claim against the city for $1,500 which was then due him for work done, based upon the engineer's estimates. The money borrowed was placed in Fike's checking account, and all or most of it was checked out to pay for labor and materials pertaining to the sewer. The city clerk indorsed the assignment thus:

"The above assignment of money due and unpaid E. G. Fike of the City of Pittsburg has been examined and approved and the City hereby consents to the transfer of payment as stated above.

"Signed this 13th day of March, 1914.        'LEONARD BOYD, *City Clerk.*"

On March 25, 1914, the city commission approved the assignment and ordered the clerk to pay the amount to the bank. On March 27, 1914, Fike abandoned the work, and on that day the plaintiff bonding company notified the city commission "not to make any further allowances to the said E. G. Fike on account of said contract until further notification." Under an appropriation ordinance of April 8, 1914, the bank received the $1,500 pursuant to the city's acceptance and order of March 25.

The bonding company took over the work and finished the sewer and received the balance due under the city's contract with Fike, including the retained percentages for the work done by Fike (varied slightly by extras and penalties not here pertinent) ; and the question here involved is whether the city is liable to the bonding company for the $1,500 paid to the bank under its assignment from Fike.

The bank was impleaded; the issues were made up in lengthy pleadings, to which were attached the Fike contract, the bonds, a written agreement of Fike to indemnify the bonding company and assigning to it all his rights under his contract with the city, and the written assignment to the bank of the Fike claim for $1,500 then due for work already done.

Some testimony was introduced, but the presentation of evidence was shortened by an agreed statement of facts covering many matters pertinent but not controverted.

Jury waived; trial by the court; findings of fact, and judgment for defendants.

The plaintiff appeals, assigning many errors, the chief of which pertain to the findings of fact relating to the borrowing of the $1,500 from the bank by Fike, the assignment by Fike of his claim against the city then due under the engineer's estimates, and the relative strength of the rival claims of the bank and of the bonding company to that sum.

It may be conceded that the indorsement of the city clerk on March 13, 1914, added nothing of value to the assignment of Fike's claim against the city. The clerk was a mere misisterial officer who could not bind the city. But the action of the city commission itself, on March 25, could and did bind the city. Furthermore, the $1,500 based upon the city engineer's estimates was then due to Fike, and could just as properly have been paid to him as any or all of the $29,531.56 already paid to him on similar estimates of the city engineer for proportionately completed work. And since the $1,500 was due Fike he could assign his right to the money, and he did assign it, and the city lawfully could and lawfully did obligate itself on March 25 to pay that sum to the assignee. At that time the city knew nothing about Fike's indemnity contract with the plaintiff and had no reason to anticipate that two days later he would abandon the work. The city was not a mere stakeholder of a fund claimed by two rivals; by its approval and acceptance of Fike's as-

signment to the bank, the city had become liable to the bank for its payment. Except where otherwise controlled and directed by positive statutes, a city may and should conduct its affairs in accordance with sound business principles and with generally accepted standards of business ethics, probity and good faith.

In *Robertson v. Robertson*, 100 Kan. 133, 135, 163 Pac. 655, it was said:

"And any chose in action may be assigned, no particular form of words or of instrument being necessary. 'Any language or act which makes an appropriation of a fund amounts to an equitable assignment of that fund.' (2 A. & E. Encycl. of L. 1055.) 'It may be in the form of an order on the debtor or holder of the fund assigned to pay the debt or fund to another person.' (4 Cyc. 42.)"

In 2 R. C. L. 602, it is said:

"As to money due or to become due under a contract with a government, it is well settled that an assignment thereof is valid unless prohibited by statute or stipulation to the contrary."

In *Middleton v. City of Emporia*, 106 Kan. 107, 110, 186 Pac. 981, it was said:

"The authority to the city to have the work done carries with it the discretion to have it done in any way in which it is practicable and convenient, and in acting under such authorization the city is entitled to contract and bind itself and to all the rights and remedies of private parties. (2 Dillon on Municipal Corporations, 5th ed., § 815.)"

(See, also, *McCubbin v. City of Atchison*, 12 Kan. 166; *Barlow v. Lande*, 26 Cal. App. 424, 147 Pac. 232; 5 C. J. 864-5.)

The case of *Deposit Co. v. City of Stafford*, 93 Kan. 539, 144 Pac. 842; id., 101 Kan. 66, 165 Pac. 837, is cited by both parties, but the difference between that case and the one at bar is so obvious as to need no discussion.

Since the city on March 25, had obligated itself to pay the bank, the plaintiff's notification of the city two days later not to pay was without legal effect. If I owe ten dollars to John Smith and Smith owes John Brown, it would serve no purpose for Brown to tell me not to pay Smith. If Brown wants to get his hands on the money before I pay Smith, he must invoke some effective legal procedure like garnishment; and even that remedy would fail if I had paid the money to an assignee of Smith before Brown had instituted the garnishment. (*Hall v. Terra Cotta Co.*, 97 Kan. 103, 154 Pac. 210.)

Furthermore, the plaintiff's claim to the money was founded on its indemnity contract with Fike, which, so far as here pertinent,

only conditionally assigned to it whatever might be due to Fike if and when he should make default on his construction contract, together with any deferred payments and retained percentages. This $1,500 did not become due after Fike's default. It was already due when it was assigned; and certainly it was not due to Fike after he had assigned it; it was then due to Fike's assignee (5 C. J. 962-965); and it was neither a deferred payment nor a retained percentage to which the plaintiff could lay claim under its contract of indemnity with Fike, nor as Fike's successor in interest. It follows that plaintiff had no claim to this particular sum of money; consequently the other points urged in its brief need no attention.

Judgment affirmed.