No. 25,670.

C. H. EVERETT, *Appellant,* v. THE CITY OF ARKANSAS CITY, *Appellee.*

SYLLABUS BY THE COURT.

ASSIGNMENTS—*Security for Loan—Right to Interest on Obligation Assigned.* The plaintiff entered into a contract with the defendant to construct a sewer, it being agreed that payment should be made upon completion of the sewer and acceptance by the city. To finance the construction of the sewer, the plaintiff procured funds by assignment, absolute in form, of the amount of money or bonds which would be due him from the city, which assignment was approved and accepted by the city. At the completion and acceptance of the sewer by the city, a controversy arose as to whether payment should be made in money or bonds, with the result that payment was delayed for about eight months. In an action by the contractor to recover interest on the principal ($116,232) from the date of the acceptance of the sewer by the city, to the date of payment of the principal, *held,* it was not error for the court to render judgment on the pleadings against the plaintiff, where it was not alleged that the plaintiff's debt to his assignee had been fully paid and satisfied, and where it appeared that the assignee was also claiming the interest.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 9, 1925. Affirmed.

*A. C. Malloy, R. C. Davis, Warren H. White,* all of Hutchinson, *W. L. Cunningham,* and *D. Arthur Walker,* both of Arkansas City, for the appellant.

*L. C. Brown,* city attorney, and *J. A. McDermott,* of Winfield, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover interest on a delayed payment for the construction of a sewer. A motion for judgment on the pleadings was sustained, and plaintiff appeals.

The interest in question covers a period from January 23, 1922, the date the sewer was completed and accepted by the city, to October 4, 1922, the date when settlement was made of the principal amount ($116,232).

The defendant city contends it was prevented from making settlement, during a part of the delinquent period, by a mandamus action filed against it in this court by the Brown-Crummer Investment Company.

The contract between the plaintiff and defendant provided for payment upon completion of the sewer and acceptance by the city.

In order to finance the construction of the sewer, the plaintiff arranged to procure the necessary funds from the Brown-Crummer Company. He executed to Brown-Crummer two forms of assignment, one assigning the money which would be due in payment for the work, the other, assigning the city's bonds in the event the city should make payment in bonds. The assignments were presented to the defendant, accepted and approved.

About the time for settlement, the city decided to pay in bonds, but almost immediately exercised its option to pay in money. The Brown-Crummer Company filed a mandamus action in this court, February 23, 1922, against the city to compel it to issue the bonds. The case was pending until September 6, 1922, when it was decided in favor of the defendant city.

The defendant admits its liability for the interest accruing between the date when the sewer was completed and accepted, and the date when the Brown-Crummer Company instituted its action; also, from the date of the decision of this court until October 4, when settlement was actually made, and at the time of payment of the principal tendered to Brown-Crummer, interest for these periods amounting to $1,189.79. The tender was rejected, and the Brown-Crummer Company filed an action against the defendant for the full amount of interest due from the date of completion and acceptance of the contract until payment of the principal on October 4.

It is admitted by the plaintiff that the assignments to the Brown-Crummer Investment Company were absolute in form, but he contends that they were given as collateral security only for his notes to the Brown-Crummer Company. From this he argues that the pecuniary interest of the Brown-Crummer Company was limited to the amounts which it advanced to him. Plaintiff's contention in this regard is contained in his reply to the defendant's answer. It reads:

"Further replying, this plaintiff says that while the assignment from this plaintiff to the Brown-Crummer Investment Company, as pleaded in said answer, may have been in the form of absolute assignments, but that all of said assignments were understood and agreed by and between said Brown-Crummer Investment Company and this plaintiff to be only as collateral security for such sum or sums as the said Brown-Crummer Investment Company might advance to this plaintiff for the completion of the improvement set forth and described in the petition and answer. Further replying this plaintiff particularly denies that the said Brown-Crummer Investment Com-

pany became, or was the holder of said estimates and entitled to the proceeds of said contract, but alleges the fact to be that they were only entitled to the proceeds thereof as collateral security for the sums they should advance, or had advanced to this plaintiff to carry on said improvements."

In support of his contention the plaintiff quotes from 5 C. J. 956, 957, 958, as follows:

"An assignment that is made as collateral security for a debt gives the assignee only a qualified interest in the assigned chose; commensurate with the debt or liability secured, although the assignment is absolute on its face. . . . To the extent of his interest, the assignee is the owner of the collateral as against the assignor, and those claiming under him or against attaching creditors of the assignor, and may sue thereon in his own name whenever he could do so under an absolute assignment. . . . Where the debt for which the collateral is given is paid, the right to hold the collateral ceases, and after that time, the assignee has no interest in the collateral that he can transfer to another. The assignee is liable to the assignor and to the creditors of the assignor for any balance realized from the collateral over and above the debt due."

The principle for which the plaintiff contends is correct. The difficulty lies in applying it to plaintiff's situation. Plaintiff's reply does not allege that his obligation to Brown-Crummer has been satisfied. The plaintiff executed to the Brown-Crummer Company his absolute assignment of the bonds or money, as the case might be, due him from the defendant. The defendant approved and accepted the assignment and thereby became liable to the Brown-Crummer Company for any amount due from it on account of the construction of the sewer. (See *Fidelity & Guaranty Co. v. City of Pittsburg,* 115 Kan. 740, 225 Pac. 83, and authorities cited.) It is apparent that the city had the money (the principal) and the use thereof from the time of the completion and acceptance of the sewer until October 4, when payment of the principal was made. The interest was due from the city to one of the parties, which one, depending upon the question whether the plaintiff's obligation to Brown-Crummer Company had been paid and satisfied—a question to be settled between plaintiff and Brown-Crummer. If the plaintiff executed his assignments as collateral only to secure payment of notes which he executed to the Brown-Crummer Company, and if he has fully paid and satisfied the notes, then, of course, Brown-Crummer Company has no claim for the interest. A problem is presented which might easily have been solved by the Brown-Crummer Company being impleaded in the present action and the city depositing in court the full amount of interest due from the

time of the completion and acceptance of the sewer until October 4, 1923, to be paid to whoever was entitled to it.

Under all the circumstances, the plaintiff cannot recover in this action, but no good reason appears why he may not interplead in the action pending between the Brown-Crummer Investment Company and the defendant city.

The judgment is affirmed.