[Civ. No. 8279.  First Appellate District, Division One.—June 1, 1932.]

BERT E. ANDERSON COMPANY (a Corporation), Re-spondent, v. M. E. HASHA et al., Defendants; MORTH-LAND MORTGAGE COMPANY (a Corporation), Ap-pellant.

Williams & Parks and Eugene D. Williams for Appellant.

Charles M. Easton for Respondent.

GRAY, J., *pro tem.*—Appellant does not question the findings that defendant Hasha, in payment for materials furnished him by respondent in the construction of two houses, drew two orders, dated respectively July 26, 1926, and August 5, 1926, against funds to his credit in appel-

lant's possession; that immediately after their dates, respondent presented the orders to appellant, who then gave its written receipt therefor; and that appellant, after retaining the orders until December 20, 1926, returned them to respondent, with a refusal to pay. Appellant, however, disputes the evidence's support of the further finding that appellant promised and agreed to pay the orders.

In absence of statute, the mere retention of the orders, unaccompanied by circumstances from which an intention to accept may be implied, was insufficient to establish acceptance of the orders. (Notes, 8 Ann. Cas. 612; 17 L. R. A. (N. S.) 1266.) Appellant argues that, since the orders are not payable to order or to bearer, they are not bills of exchange as defined by section 3207 of the Civil Code and that, therefore, their retention cannot be deemed an acceptance under section 3218 of the same code. Conceding for present purposes the correctness of this argument and, further, that there is no statutory rule as to the effect of such detention, yet the judgment must be affirmed if the evidence discloses circumstances from which an intention to accept may be implied.

The president of respondent testified as follows: " . . . I took the order dated July 26, 1926 . . . to Mr. Daniels. . . . When I gave him this paper as is customary he checked up on his ledger and presented me with a receipt and told me that we could expect our money not later than the next afternoon. In August when I took the second order down we had approximately the same conversation. I at that time asked him about the first one but he would give me no answer. The check was not ready. He just said, 'Well, the check is not here. Mr. Morthland is not here to sign it.' When I called for my check on these orders he said that the check was not here but it would be all right. He showed me both of them were O. K.'d. . . . I must have made half a dozen or more calls asking for the check. . . . At their request I gave them a statement to accompany each order. . . . On December 20th Mr. Corral of the Morthland Mortgage Company returned Mr. Hasha's orders on the Morthland Mortgage Company, together with a statement attached thereto, and said, 'We can't do anything for you.' "

This evidence is uncontroverted. Receiving and filling the orders without objection was sufficient to show acceptance.

(*Montgomery Door etc. Co.* v. *Atlantic Lumber Co.*, 206 Mass. 144 [29 N. E. 71]; *Hackett* v. *Campell,* 10 App. Div. 523 [42 N. Y. Supp. 47].) The statement that the orders would be paid also evidences an acceptance. (*McPherson* v. *Walton,* 42 N. J. Eq. 282 [11 Atl. 21]; *Short* v. *Blount,* 99 N. C. 49 [5 S. E. 190]; *Southern Creosoting Co.* v. *Chicago & A. R. Co.,* (Mo.) 205 S. W. 716.) Other testimony that appellant had always paid similar orders received from respondent tended to show a custom from which an intention to accept might be inferred. (*Westberg* v. *Chicago Lumber & Coal Co.,* 117 Wis. 589 [94 N. W. 572].) By its acceptance, appellant assumed the obligation to pay the orders. (*Barlow* v. *Lande,* 26 Cal. App. 424 [147 Pac. 231].)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.