[Civ. No. 8151. Second Appellate District, Division One.—October 6, 1932.]

WALTER L. GORDON, Plaintiff, v. WILBUR C. GORDON et al., Appellants; JULIAN PETROLEUM CORPORATION et al., Interveners and Respondents.

Charles S. Darden for Appellants.

Anderson & Anderson and A. G. Ritter for Respondents.

644

HOUSER, J.—In an action brought by plaintiff against the defendants, Julian Petroleum Corporation intervened.

As far as concerns the facts which are material to the question submitted to this court, it appears that the defendants were the owners of a beneficial interest in a trust; that arising from some anticipated services to be thereafter performed for the defendants by one White, it was assumed that in payment thereof compensation would become due to White; that White was indebted to the Julian Petroleum Corporation in the sum of $2,290.97; and that the latter was insisting that White pay to it the said debt. Thereupon, with knowledge of the facts, the defendants and White signed and delivered to Julian Petroleum Corporation an instrument in writing, a copy of which being as follows:

"You are hereby authorized and directed to pay to the Julian Petroleum Corporation, or its order, the sum of two thousand two hundred ninety dollars and ninety-seven cents ($2,290.97), plus seven per cent (7%) interest from July 1, 1925, out of the first money due to us, or either of us, from Trust No. P–101, or from any other source or sources, subject to your claim or claims, and to charge this order to our account or the account of either of us. This order is not given or received as a payment of the above indebtedness, nor does it in any way release us from the obligation to the Julian Petroleum Corporation until the above amount, plus interest, is fully paid."

Upon receipt of such instrument, the trustee delivered to Julian Petroleum Corporation an acknowledgment thereof in the following form, to wit:

"This will acknowledge receipt from you of order by W. C. Gordon, Desdemona L. Gordon, and J. W. White, directing the payment to you of the sum of two thousand two hundred ninety dollars and ninety-seven cents ($2,290.97) plus seven per cent (7%) interest from July 1, 1925, out of the first money available to the said assignors through this trust. The order has been duly filed and should any funds become available as provided in the order, we shall be pleased to pay such funds to you in satisfaction thereof."

More than one year thereafter, and following the receipt by the trustee of funds in amount more than sufficient to pay the sum represented by the assignment in question, by an instrument in writing signed by the defendants the trustee

was "instructed to cancel" the assignment theretofore made in favor of Julian Petroleum Corporation. From a judgment rendered in favor of Julian Petroleum Corporation on said assignment, the defendants appeal to this court.

With reference to the several reasons urged by appellants as affording a sufficient basis for the reversal of the judgment, it is noted that, founded on substantial evidence, the trial court made findings of fact which in the main preclude this court from disturbing the conclusion in substance and effect that the order given by the defendants to Julian Petroleum Corporation was an irrevocable assignment which was accepted by both the latter corporation and the trustee; that it was not subject to any defenses or equities of the defendants as against White; that it was supported by a sufficient consideration; that it operated as a transfer of a substantial right from the defendants to Julian Petroleum Corporation; and that the cause of action was not barred by the statute of frauds "for the alleged reason that said order was given as an accommodation to J. W. White, mentioned in said order, or for a debt or obligation due from said White to said Julian Petroleum Corporation, or required a special promise to answer for the debt of said White". Moreover, the opinion in the case of *Barlow* v. *Lande*, 26 Cal. App. 424 [147 Pac. 231], together with the authorities therein cited, in principle constitute a complete and final refutation of all but the last of the several points suggested by appellants as a reason why the judgment herein should be reversed, to wit, that the right of the Julian Petroleum Corporation to enforce the assignment was barred by the statute of frauds. No authorities are cited by appellants in support of the last-mentioned point; nor is the application of the principle of law to the facts herein apparent to this court.

It is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 3, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 2, 1932.