*Ex parte* Kyle.

---

## *Ex parte* KYLE.

An attorney has no lien upon a judgment recovered by him in favor of his client, for a *quantum meruit* compensation for his services. Such lien extends only to costs given by statute.

This was an application to require a defendant, against whom judgment had been recovered, to pay to the attorney of the plaintiff a *quantum meruit* compensation for his services in conducting the suit on behalf of the plaintiff. The judgment recovered was for $7000, and the amount, which the attorney claimed, should be first paid to him out of the judgment, was $2000.

*Kyle,* in person.

*Chipman,* contra.

*By the Court*, BENNETT, J. The applicant acted as the attorney and counsel of one Chipman, in the prosecution of a suit in which judgment of $7000 and upwards was recovered. The defendant appealed ; and before the appeal was brought on for argument in this court the suit was settled. The applicant moves the court, that the plaintiff be required to pay him $2000 for his services out of the judgment recovered. An attorney has a lien for his costs upon money recovered by his client or awarded to him in a cause in which the attorney was employed, in case the money has come into the hands of the attorney ; or the latter may stop the money *in transitu*, by giving notice to the opposite party not to pay it, until his claim for costs be satisfied, and then moving the court to have the amount of his costs paid to him in the first instance ; and if, notwithstanding such notice, the other party pay the money to the client, he is still liable to the attorney for the amount of his lien, and the attorney, in such case, shall not be prejudiced by any collusive release given by his client ; unless, however, such notice be given, the client may compromise with the opposite party, and give him a release without the intervention of his attorney, and the attorney, in that event, can afterwards look to his client only for payment. (*Graham's Practice*, 61.) It thus appears that an attorney has a lien for his costs upon a judgment recovered by him, which may be enforced upon giving notice to the adverse party not to pay the judgment until the amount of the costs be paid, and, in some cases, when there has been collusion between the parties to cheat the attorney, the court has required the client to satisfy them. But this practice is confined to some fixed and certain amount allowed to an attorney by statute, and is not extended to cases where an attorney or counsellor claims a *quantum meruit* compensation for his services. In this state we have no statute giving costs to attorneys, and they must consequently recover for their services in the ordinary mode.

Motion denied.