HENRY A. MANSFIELD and CHARLES T. MANSFIELD, Respondents, v. THOMAS DORLAND, Appellant.

Before suit brought, the plaintiffs agreed with their attorneys, that if the latter brought this action and recovered, they should have one third of the judgment and the costs as compensation. After judgment and execution issued, the plaintiffs compromised with defendant for less than the amount of the judgment, and entered satisfaction upon the record. Held that the attorneys had no lien upon the judgment, and could not disturb the satisfaction entered by the plaintiffs.

APPEAL from the Superior Court of San Francisco.

This was a rule to show cause why the entry of satisfaction upon a judgment should not be set aside.

The facts as set out in several affidavits upon which the rule was founded, appear to be, that plaintiffs applied to Eli and Rankin, attorneys at law, to bring suit against the defendants, who agreed to commence and prosecute the same, the plaintiffs paying all disbursements, and further agreeing that if the cause should be decided in favour of plaintiffs, said attorneys were to receive the costs of said action, and a portion of the amount of the judgment, to be collected from the defendant. The attorneys commenced and prosecuted the suit accordingly, and obtained judgment at October term, 1851, for $840 with interest and $234.66 costs.

Satisfaction was entered upon the said judgment, Oct. 9, 1851, by the plaintiffs without the knowledge or consent of the attorneys, who claimed an interest in the same as above, which plaintiffs by their affidavits explained by saying, that the defendant Dor-

land called upon one of them after the judgment was had against him, to compromise it; and that the deponent informed him that the said attorneys were entitled to the costs and one third of the balance of the said judgment, and that plaintiffs could compromise only as far as their own interest was concerned, and that Dorland then offered $500 for the interest of the plaintiffs in the judgment, and agreed to pay and arrange the matter with the said attorneys as far as their interest was concerned, and upon their terms the money ($500) was paid, and received by plaintiffs, and deponent (Charles T. Mansfield) entered satisfaction on the said judgment for himself and H. A. Mansfield.

Upon these facts the Court granted a rule upon defendant Dorland, to show cause why the entry of satisfaction should not be set aside and cancelled, &c., and why execution should not issue against defendant, to satisfy the interest of plaintiffs' attorneys in the costs and judgment; and June the 2d, 1852, the Court ordered that the entry of satisfaction be set aside to the extent of the costs and one third of said judgment, and that execution issue against defendant, for the purpose of satisfying the interests of plaintiffs' attorneys in the costs and judgment.

Defendant excepted; and appealed.

*Brown, Pratt* and *Tracy*, for appellants.

The contract was void *ab initio* as amounting to champerty. The satisfaction is entered according to law, and is binding on all parties. The law of California requires every suit to be prosecuted in the names of the real parties; and E. and R. having in the record declared the plaintiffs to be the only parties, are estopped to claim that they were also parties in interest therein.

That E. and R. not being parties on the record, their rights cannot be determined on *ex party* affidavits, and Dorland is entitled to have their claim tried by a jury.

*Eli* and *Rankin*, for respondents.

Champerty is not an offence known to the laws of California. The Practice Act authorises the attorney to make any agreement whatever with his client, as to "the measure of compensation." Sect. 494; Voorhees's N. Y. Prac. 249; 2 Sandf. S. C. Rep. 141. Champerty requires that the suit be carried on at the expense of

those charged with it.  Jacob's Law Dic., title Champerty ; ·2 Sto. Eq. Jur. § 1048, 1049 and notes.

If champerty, the contract was good as to the *costs,* if void as to the judgment.  Chitty on Cont. 692-3, and notes; Ib. 676, note ; 1 Pick. 415.  The contract was affirmed by plaintiffs, and recognized by defendant, before and at the time of the settlement and entry of satisfaction.; and as it formed part of the basis of the settlement, defendant is estopped from disputing it.  Defendant is a mere trustee for the attorney's benefit, and the objection must come from the plaintiffs.  Defendant cannot have the benefit of the settlement, and repudiate it at the same time.  Chit. on Cont. 149; Ib. 741, & n.; 1 Maine Rep. 364 ; 9 Con. 154.

Plaintiffs' attorneys were not real parties in interest in this suit ; their interest before judgment was purely contingent, and was not such as to require or to authorise their being joined. Sto. Eq. Plead., secs. 140, 142; Voorhees's N. Y. Pr. 71, note. Plaintiffs' attorneys were parties to the record, and the Court properly determined the case in a summary way.  2 Comstock, 281; Bunell's N. Y. Prac. 255; 12 Wend. 222.  The attorneys ought not to be driven to their action.  3 Paige, 453, 577.  And defendants waived the right of jury trial, by filing counter affidavits.  3 Caines's Rep. 105; Bunell's N. Y. Prac. 473.

HEYDENFELDT, Justice, delivered the opinion of the Court, with which MURRAY, Chief Justice, concurred.

This is an appeal from an order of the Superior Court, setting aside the satisfaction of a judgment.  In ex parte Kyle, 1 Cal. Rep. 331, this Court decided that an attorney has no lien upon a judgment recovered in favour of his client, as a compensation for his services.  To this decision we give our approval; and where the plaintiff enters satisfaction of a judgment, the attorneys have no right to disturb it.

In the case presented by this record, there was no assignment of the judgment, and it is therefore unnecessary to ·consider what would be the effect of an assignment.

Let the order of the Court below be reversed, and the motion there dismissed with costs.