[No. 15313. In Bank.—August 8, 1893.]

## J. W. FAULKNER (E. T. STEEN, SUBSTITUTED), APPELLANT, v. JOSHUA HENDY ET AL., RESPONDENTS.

APPEAL—SUBSTITUTION OF ATTORNEY—CONTEST BETWEEN PARTY AND ASSIGNEE.— Upon a motion in the supreme court for a substitution of attorneys for a party to an action, where the motion is resisted by one claiming to be an assignee of the party desiring the substitution, who seeks the substitution of a different attorney, but whose rights as assignee to make such substitution are contested, the court will not inquire into the question as to who is the real party in interest, but will allow the party to the record to change his attorney, with leave to the party claiming to be his assignee to appear by his attorney and file briefs, and require that notice of all motions be served upon him.

MOTION in the Supreme Court for substitution of attorneys.

The facts are stated in the opinion of the court.

*C. E. K. Royce*, for Appellant.

*Cope, Boyd & Fifield, W. H. H. Hart*, and *Nowlin & Fassett*, for Respondents.

*R. Thompson*, and *William H. Jordan*, for the motion.

BEATTY, C. J.— In this case the plaintiff and appellant Steen moves to substitute an attorney in place of the attorney by whom he has hitherto appeared. The motion is resisted by a party claiming to be an assignee of Steen's interest in the matter in controversy, who desires the substitution of a different attorney. Affidavits and counter-affidavits have been filed and read presenting a variety of questions as to the nature, purposes, and effect of the alleged assignment. We cannot upon a

motion of this character undertake to investigate and decide the questions so raised. The party appearing by the record to be the plaintiff and appellant in the action must be allowed the privilege of changing his attorney of record; but the fact being brought to our attention that another party claims an interest in the controversy as assignee of the appellant, we think he should be allowed the privilege of presenting his argument on the merits of the case, and that he should have notice of any motion affecting the final disposition of the cause. It is therefore ordered that William H. Jordan, Esq., be substituted as attorney for the appellant Steen, and that R. Thompson, Esq., be allowed to file a brief or briefs in behalf of appellant, and that notice of all motions affecting the final disposition of the cause be served on said Thompson.

DE HAVEN, J., FITZGERALD, J., and GAROUTTE, J., concurred.