[Sac. No. 487. In Bank.—May 5, 1900.]

DU RAY SMITH, Appellant, v. W. E. PECK et al., Respondents.

JUDGMENT—ASSIGNMENT—FORMAL WRITING NOT REQUIRED—AGREEMENT FOR SALE—TELEGRAMS—OWNERSHIP—DEPOSIT OF DRAFT IN POSTOFFICE.—A formal written assignment of a judgment is not necessary to evidence a sale thereof nor to pass title thereto, and where an agreement is made by telegrams between the owner and purchaser of a judgment for a sale and assignment thereof for a specified sum in cash to be sent by draft on New York, the owner to take the purchaser for the balance, the deposit of a draft for the cash agreed upon in the postoffice, by the purchaser, according to the direction of the owner, has the effect of a cash payment, and makes the purchaser the owner of the judgment, subject to an immediate right of action against him for the balance of the judgment.

ID.—RETURN OF DRAFT—WRITTEN ASSIGNMENT TO THIRD PERSON.—The vendor, after the deposit of the draft by the purchaser accord-

ing to his direction, cannot repudiate the agreement of sale by a return of the draft; and the written assignment of the judgment to a third person after the date of the agreement of sale passed no title.

ID.—DIRECTION TO EXECUTE PAPERS MAILED TO VENDOR.—A telegraphic direction to the vendor to sign papers mailed and to return them to the purchaser, intended merely to obtain written evidence of the transfer, the terms of which were already agreed to by the parties, and which would be complete without such writing, does not purport to change the terms of the agreement, and is immaterial.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, and Bryan Bradley, for Appellant.

F. P. Tuttle, and Pullen & Wallace, for Respondents.

HARRISON, J.—Ida M. Gusha recovered a judgment in the justice's court of township No. 2 of the county of Placer, May 19, 1894, against the Columbia Gold and Silver Mining Company. March 21, 1895, she signed and acknowledged an assignment of this judgment to the plaintiff herein, which was received by him about a week thereafter. April 1, 1895, the amount of the judgment (three hundred and fifteen dollars and sixty-eight cents) was paid to the defendant Peck, who was at that time the justice of the peace for that township, and a satisfaction of the judgment was then entered by him on the margin of the case. The plaintiff had on March 25th informed the justice that he was the owner of the judgment, but he did not present any assignment of it or any evidence of his ownership other than his verbal statement. Upon the defendant's refusal to pay to the plaintiff the moneys so received by him, the plaintiff brought the present action for its recovery. The cause was tried by the court without a jury, and findings of fact made by it in accordance with averments in the defendant's answer to the effect that the judgment creditor had sold and assigned the judgment to one Hartley prior to her aforesaid assignment to the plaintiff, and that the satisfaction of the judgment had been

made at the instance of Hartley. Judgment was accordingly entered in favor of the defendants. The plaintiff has appealed.

The question involved in the appeal is the ownership of the judgment. If Hartley had become its owner prior to the assignment to the plaintiff, the plaintiff was not authorized to recover from the defendant the money which had been paid for its satisfaction. In support of the averment that Hartley was such owner, it was shown that Mrs. Gusha resided in North Bangor, in the state of Maine, and that on March 11, 1895, Hartley sent her the following telegram to that place: "For two hundred dollars cash will you assign your claim and take me for balance? Answer quick. B. F. Hartley." On March 13th Hartley received from her the following reply by telegraph: "To B. F. Hartley, Auburn, Cal. Will assign claim for two hundred dollars cash, you for balance. Send by draft on any N. Y. bank. Ida M. Gusha." On the same day Hartley replied to her by telegraph as follows: "To Ida M. Gusha, North Bangor, Maine. All right. Sign papers mailed you by Robinson and return. B. F. Hartley." On March 16th Hartley procured from the Placer County Bank, and forwarded to her by mail, a draft on a banking house in New York in her favor for the sum of two hundred dollars. On the same day he sent to her the following telegram: "Have forwarded you New York draft for two hundred dollars. B. F. Hartley." Mrs. Gusha, upon the receipt of this communication, wrote to Hartley that since her arrangements with him she had had a better offer from a man by the name of Smith, in Oakland, and would do business with him instead of Hartley, and inclosed the papers made out by Robinson, and returned the draft without having collected it.

There was sufficient evidence before the court to authorize it to find that the claim referred to in the telegrams was the aforesaid judgment, and it must be held that the telegrams in reference thereto between Hartley and Mrs. Gusha constituted a valid agreement for the sale of the judgment to him upon his depositing in the postoffice at Auburn a draft in her favor upon any New York bank for the sum of two hundred dollars. His proposal to her to "take me for balance," and her assent thereto, was an agreement on her part to sell the judgment to him upon his personal credit for all but the two hundred dollars, and for

this balance she would have an immediate right of action against him. The direction in the telegram of March 13th, "sign papers mailed you by Robinson and return," did not purport to change the terms of the agreement already assented to by both parties, but was merely a provision for written evidence of the transfer, which would be complete without such writing. (*Lewis v. Brass*, L. R. 3 Q. B. Div. 667; *Bonnewell v. Jenkins*, 8 Ch. Div. 70, and cases cited in note *o* to section 40a of Benjamin on Sales.) It was not necessary that the sale should be evidenced by any written assignment. Section 1052 of the Civil Code declares: "A transfer may be made without writing in every case in which a writing is not expressly required by statute," and there is no provision in the statute which requires the assignment of a judgment to be in writing for the purpose of passing the title thereto. The deposit of the draft in the postoffice was in accordance with Mrs. Gusha's directions to Hartley, and had the same effect as if he had on that day paid the two hundred dollars into her hands at Auburn. (Benjamin on Sales, sec. 710; see, also, Bennett's American note to same, 7th ed., p. 776, and cases therein cited; Tiedeman on Sales, sec. 154; *Morgan v. Richardson*, 13 Allen, 410; *McCluskey v. National Life Assn.*, 77 Hun, 556.) By this deposit Hartley became the purchaser from her of the judgment on March 16th, and was thereafter its owner. It follows that on March 21st she had no interest in the judgment, and that her purported assignment to the plaintiff on that day gave him no right to the money that had been paid to the defendant.

The judgment and order denying a new trial are affirmed.

Garoutte, J., McFarland, J., Van Dyke, J., and Beatty, C. J., concurred.