[L. A. No. 1009. Department One.—March 28, 1902.]

MATTHEW GAGE, Respondent, v. W. E. ATWATER et al., Respondents. R. E. HOUGHTON, Appellant.

ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEY—RIGHT OF CLIENT. —Under the provisions of section 284 of the Code of Civil Procedure, a client has an absolute right to change his attorney at any time, if he has no interest in the subject-matter of the action, and to substitute another attorney.

ID.—INDEBTEDNESS OF CLIENT TO ATTORNEY—ADVANCES—CONTINGENT FEE—PECUNIARY INABILITY OF CLIENT.—The fact that the former attorney, who claims no interest in the land in controversy, had

rendered valuable services to the client, and had advanced money in the prosecution of the action, and that he was to receive a reasonable compensation if successful, and to receive no compensation unless successful, and that no compensation could be collected from the client, owing to his pecuniary inability, is no ground for denying the right of the client to change his attorney.

ID.—PURPOSE OF SUBSTITUTION—SETTLEMENT OF EJECTMENT SUIT—CONVEYANCE TO PLAINTIFF.—An unsuccessful defendant in an ejectment suit, against whom judgment was rendered in the superior court, was acting within his legal rights in refusing to continue the litigation, and in conveying his interest in the land to the plaintiff, in settlement of the suit, and his attorney, who has no interest in the land, cannot claim that such settlement and the motion to substitute another attorney would operate as a fraud upon his legal rights, whatever may be the moral obligation of his client to him.

APPEAL from an order of the Superior Court of Riverside County substituting an attorney upon application of the client.  J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

R. E. Houghton, Appellant in *pro. per.*, and Houghton & Houghton, for Appellant.

Purington & Adair, and Garber & Garber, for Matthew Gage, Respondent.

Purington & Adair, for Jane Gage, Respondent.

A. A. Adair, for W. E. Atwater, Gratia H. Atwater, and for C. L. McFarland, their Substituted Attorney, Respondents.

Harris & Swanwick, for other Respondents.

HARRISON, J.—The above-named appellant appeared as the attorney of record for W. E. Atwater and Gratia H. Atwater, his wife, who were defendants in the above action of ejectment herein brought against them by the above-named Matthew Gage, and filed an answer in their behalf, and conducted their defense upon the trial of the cause.  The court rendered its decision in the action June 29, 1899, and judgment thereon was entered in favor of the plaintiff July 17th. July 6, 1899, the defendants Atwater gave to the appellant notice that they would apply to the superior court upon a

day therein named for an order substituting C. L. McFarland as their attorney in said action in his place and stead. After hearing the motion, the court granted the same, and an order substituting said McFarland for the appellant as the attorney for said defendants in the action was entered August 4, 1899. From this order the present appeal has been taken.

Section 284 of the Code of Civil Procedure declares: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: . . . 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other."

Whatever may have been the rule in other jurisdictions, the rule must be considered as settled in this state, under the above provision of the code, that in the absence of any relation of the attorney to the subject-matter of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action. The interest of the client in the successful prosecution or defense of the action is superior to that of the attorney, and he has the right to employ such attorney as will in his opinion best subserve his interest. The relation between them is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity or the judgment or the capacity of the attorney. (*People* v. *Norton,* 16 Cal. 436; *Theilman* v. *Superior Court,* 95 Cal. 224; *Faulkner* v. *Hendy,* 99 Cal. 172; *People's Home Sav. Bank* v. *Superior Court,* 104 Cal. 649;[1] *Lee* v. *Superior Court,* 112 Cal. 354; *Woodbury* v. *Nevada Ry. Co.,* 121 Cal. 165.) In the case last cited it was said: "The right of a party to change his attorney of record is conferred by section 284 of the Code of Civil Procedure, and it is only necessary for it to prefer its request for such change in order to justify the court in making an order therefor."

The fact that the attorney has rendered valuable services under his employment, or that the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action, does not deprive the client of this right. Section 1021 of the Code of Civil Procedure provides that the mode

---

[1] 43 Am. St. Rep. 147, and note.

and measure of compensation of attorneys is left to the agreement of the parties, and in the absence of any other agreement in reference thereto there arises the ordinary money obligation which exists upon the employment of one person in the service of another. It was held at a very early day that there is no statute in this state giving costs to attorneys, and that an attorney has by law no lien for his services upon a judgment recovered in favor of his client, but that he must recover therefor in the ordinary mode by an action. (*Ex parte Kyle,* 1 Cal. 332.) In *Mansfield* v. *Dorland,* 2 Cal. 507, the plaintiffs agreed with the attorney, that, if successful in the action, the attorney should receive the costs of the action and one third of the judgment to be collected from the defendant. Judgment was recovered in favor of the plaintiffs, and thereafter they entered a satisfaction thereof without the knowledge or consent of the attorney. The right of the plaintiffs to enter satisfaction of the judgment without the consent of the attorney was affirmed by the supreme court. (See, also, *Russell* v. *Conway,* 11 Cal. 93; *Hogan* v. *Black,* 66 Cal. 41.)

It clearly appears from the affidavit of Mr. Houghton in response to the motion and the documents set forth therein that he had not, and has never claimed, any interest in the land involved in the action, and that the terms of his employment as attorney in the cause were, that he should receive a reasonable compensation for his services in case of success, and should receive no compensation unless he should be successful. It also appears that he had advanced to Atwater certain moneys with which to defray the expenses incurred in the action, a portion of which, however, had been repaid, and that, owing to the pecuniary inability of Atwater, he is unable to collect from him the compensation to which he claims to be entitled, or the amount unpaid for the advances made during the continuance of the proceeding. These facts, however, are insufficient to justify the court in refusing to grant the motion of Atwater. They at most constitute no more than a liability on the part of Atwater for his indebtedness by virtue of his contract with the appellant, or a liability for an unauthorized discharge of Mr. Houghton as his attorney, by which he may have been prevented from earning the compensation agreed upon. It appeared that Atwater had become dissatisfied with some of the proceedings in the cause, which he ascribed to

Mr. Houghton, and that after the superior court had rendered its decision in the cause he did not desire to proceed any further with the litigation, and so informed Mr. Houghton.

It was further urged in response to the motion that the purpose for which the substitution is sought is to carry out a collusive agreement between Atwater and the plaintiff in the action to defraud Mr. Houghton out of any claim he might have for compensation for his services; but there are no facts set forth in support of this contention, the statement to that effect in his affidavit being merely "as affiant is informed and believes," and giving as his opinion that, if the court should make the order, it would operate as a fraud upon him. As Mr. Houghton expressly states in his affidavit that he has and claims no interest whatever in the land involved in the action, Mr. Atwater in conveying his interest in the land to Gage was within the exercise of his legal rights, and violated no legal obligation to Mr. Houghton, whatever may have been his moral obligation to him. The superior court had decided against him in the litigation, and he had expressed a desire not to pursue the controversy further, and his determination to settle the differences between him and the plaintiff in this mode was within his right as fully as was his right to settle the differences at any stage of the litigation.

No objection has been made to the hearing of the appeal herein, and we have considered it as if the order were appealable. We do not, however, wish our silence upon that question to be taken as indicating any opinion upon the question, or as a precedent to be hereafter relied upon.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.