[Civ. No. 5161. First Appellate District, Division One.—April 7, 1925.]

## MALCOLM McGOWN, Appellant, v. WILLIAM DALZELL, Respondent.

**[1]** CONTRACTS—ATTORNEY AND CLIENT—CONTINGENT FEE—LIEN OR INTEREST IN JUDGMENT.—A contract providing merely for the payment of an agreed contingent fee for legal services in an action for and which results in a money judgment, in the absence of other terms in legal effect constituting a transfer of a part of the claim or judgment, does not give a lien upon or interest in the judgment.

**[2]** ID.—ATTORNEY TO BE PAID OUT OF JUDGMENT—TRANSFER OF INTEREST—ASSENT OF JUDGMENT DEBTOR—CONSTRUCTION—INTENT.— Where an attorney and client entered into an oral agreement after final judgment was rendered in favor of the client, to the effect that the attorney should collect from the judgment debtor out of the judgment the amount of his fees and costs advanced by him and also the balance of the judgment, for which latter sum he was to account to the client, and the judgment debtor consented to the arrangement, made payment on account to the attorney, and negotiated with the attorney as to the terms of further payment, the agreement, under such circumstances, was intended to create more than a mere power, and was designed to accomplish more than simply to enforce the personal right of the client, and was meant to secure the attorney's claim by the transfer of an interest to that extent in the judgment.

---

1. See 3 Cal. Jur. 682.

[3] Id.—Oral Transfer of Interest in Judgment—Sufficiency of —Consideration.—The transfer of an interest in the judgment to the attorney might be orally made; and the antecedent services and advances by the attorney were a sufficient consideration therefor.

[4] Id. — Satisfaction of Judgment — Rights of Attorney Unaffected.—The judgment debtor, by reason of his conduct, having recognized and assented to the interest of the attorney in the judgment, and the client having made the agreement with the attorney, the right of the attorney to a portion of the judgment could not be destroyed by either the judgment debtor or the client, or both; and the agreement and the assent operated to create distinct and separate rights in the attorney and in the client which the judgment debtor was bound to observe.

[5] Id.—Execution—Satisfaction of Judgment.—The attorney was entitled to have and enforce execution to the extent of the amount unpaid on his interest in the judgment, notwithstanding a payment made by the judgment debtor to the client in full satisfaction of the judgment.

(1) 6 C. J., p. 772, n. 34 New.    (2) 6 C. J., p. 692, n. 74 New. (3) 6 C. J., p. 692, n. 74 New.    (4) 6 C. J., p. 692, n. 74 New. (5) 6 C. J., p. 692, n. 74 New.

APPEAL from an order of the Superior Court of Alameda County denying motion to recall execution. Fred V. Wood, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

George F. Witter for Appellant.

Stanley R. Sterne for Respondent.

CASHIN, J.—Appeal by Malcolm McGown and George F. Witter from a portion of an order of the superior court of the county of Alameda made after judgment entered in said court in the action of *McGown* v. *William Dalzell et al.* The order was based on a motion to recall an execution issued in said action.

The facts as shown by the record are as follows: Appellant George F. Witter, an attorney at law practicing his profession in the county of Alameda, was during the year 1918 employed by appellant McGown to commence and conduct the action above entitled, to recover a sum

represented by a promissory note. The agreement between Witter and McGown was that Witter should receive a contingent fee of twenty-five per cent of all moneys received by or through said action and out of the proceeds thereof, and that McGown should reimburse him out of any judgment recovered for all costs and expenses incurred and advanced by him. Thereafter judgment in the sum of $390.98, with costs in the sum of $95.56, was recovered in the superior court against all the defendants except one R. H. Howk, who had deposited the sum of $1,763 of the amount represented by said note in court, and which sum was later paid to McGown. Certain of the defendants, including Dalzell, moved for a new trial, and, the motion being denied, they appealed to the supreme court. Thereupon McGown agreed to pay Witter in addition to the contingent fee of twenty-five per cent an additional sum of $250 and all costs and expenses incurred by Witter on the appeal, the whole to be paid out of any moneys procured through said judgment.

Thereafter, on April 7, 1919, the judgment was affirmed, the total amount thereof, including interest and costs, then being the sum of $558.28. Appellant Witter claimed to be entitled to receive from this amount the sum of $471.09 as the unpaid balance of his fees and advances, the correctness of which claim, as to amount, was not disputed. An agreement was then made between Witter and McGown that Witter should collect from respondent out of the judgment the amount of his fees and expenditures, together with the balance of the judgment, for which latter sum he was to account to McGown. Witter thereupon notified respondent of the arrangement, who agreed to pay the judgment to Witter, and did pay to him sums aggregating $100, which Witter applied to his own account. After these payments respondent made frequent promises in response to demands by Witter, the negotiations continuing until May 19, 1919, at which time the amount of the judgment, with interest unpaid, was the sum of $458.28, of which Witter claimed to be the owner of an interest amounting to $371.09. The record shows that all parties at this time recognized and acquiesced· in Witter's claim that he owned an interest in the judgment to the amount stated above, and all joined in various conferences in an endeavor to arrive at a method whereby re-

spondent might dispose of certain property owned by him in order to meet the demand. After the date last mentioned no further communications were received by Witter from McGown or respondent; and it appears from the record that at this time McGown notified Witter that he elected to terminate their relations as attorney and client. Thereafter, on May 7, 1924, Witter caused execution to issue on the judgment, which was followed by a motion by respondent to recall the execution, the order on which motion is here complained of. As to why a delay of nearly five years occurred between the date of the last interview between Witter and the others and the issuance of execution the record is silent; but upon the hearing of the motion it appeared that in May, 1919, without the knowledge of Witter and with the intent and purpose on the part of McGown and respondent to defraud him of his part interest in the judgment, respondent paid to McGown $350 in full satisfaction of the judgment, and on the same day McGown executed a release thereof.

The court, by its order, denied the motion to recall the execution, but ordered that appellant McGown be permitted to enforce execution for the sum of $108.28, the difference between the sum of $458.28 and the sum of $350 paid by respondent to McGown.

[1] Appellants contend that the order should have permitted the enforcement of execution for the sum of $371.09, the unpaid balance of that portion of the judgment claimed by Witter; that the legal effect of the original agreement covering his fees was to make him the owner of a part of the judgment to the extent that his contingent fee was unpaid, which amounted on the day of the attempted settlement to the sum of $112.39.

The California authorities do not support this contention. We find no case that holds that a contract providing merely for the payment of a contingent fee for legal services in an action for and which results in a money judgment, in the absence of other terms in legal effect constituting a transfer of a part of the claim or judgment, gives a lien upon or interest in the judgment (*Mansfield* v. *Dorland*, 2 Cal. 507; *Russell* v. *Conway*, 11 Cal. 93; *Gage* v. *Atwater*, 136 Cal. 170 [68 Pac. 581]).

[2] Appellant Witter further contends that the legal effect of the agreement that McGown made after the judgment had become final was to transfer to the former an interest therein to the extent of his claim, with power to collect that and the interest of McGown therein; that respondent manifested his consent to the arrangement, and that such facts rendered the subsequent attempt to compromise and satisfy the judgment of no effect as against Witter.

We are of the opinion that his position in this respect is supported by authority. It is a fair inference from the evidence that the agreement between McGown and Witter was intended by both to create more than a mere power, and was designed to secure Witter's claim by the transfer of an interest to that extent in the judgment. [3] Such a transfer might be orally made (*Smith* v. *Peck,* 128 Cal. 527 [61 Pac. 77]; Civ. Code, sec. 1052). The antecedent services and advances by Witter were a sufficient consideration therefor (*Greenlee* v. *Los Angeles Trust & Sav. Bank,* 171 Cal. 371 [153 Pac. 383]); and from the entire transaction as shown by the record it is clear that the parties intended that an assignment of an interest in the judgment to the extent of Witter's claim should result (*Goldman* v. *Murray,* 164 Cal. 419 [129 Pac. 462]; *McIntyre* v. *Houser,* 131 Cal. 11 [63 Pac. 69]).

[4] It appearing from the evidence that respondent, after the making of the agreement above described, made payments to Witter on account of the judgment, and that he negotiated frequently with Witter in an endeavor to arrange terms of payment to him, it may be reasonably inferred from his conduct that he assented thereto and recognized the right of Witter to such interest. Having thus assented, and McGown having made the agreement, the right could not be destroyed by either or both (*Hackett* v. *Campbell,* 10 App. Div. 523 [42 N. Y. Supp. 47]; *Barlow* v. *Lande,* 26 Cal. App. 424 [147 Pac. 231]). Nor did the judgment by reason of the foregoing agreements become a joint obligation which might be extinguished by performance rendered to either (Civ. Code, sec. 1475; *Leese* v. *Sherwood,* 21 Cal. 151). The agreement and the assent operated to create distinct and separate rights in appellants which respondent was bound to recognize.

It further appears that appellant McGown has been paid by respondent a sum more than equal to his interest in the judgment, and that he has no further interest therein.

The superior court, in deciding the motion, drew from the evidence the foregoing conclusions. We think they find sufficient support in the evidence, and we are not inclined to disturb them. [5] But we are of the opinion that the court's order should have provided that appellant Witter have and enforce execution for the sum of $371.09, with interest thereon at the rate of seven per cent per annum from May 14, 1919, and costs. It is therefore ordered that the cause be remanded to the trial court with instructions to modify the portion of the order appealed from in accordance with the views herein expressed, and as so modified the order is affirmed, appellant Witter to recover his costs on this appeal.

Tyler, P. J., and Knight, J., concurred.