[Civ. No. 665. Fourth Appellate District.—February 7, 1933.]

DAVIDSON SWING, a Minor, etc., et al., Appellants, v. EDDIE LINGO, Defendant; J. W. CRAMP, Respondent.

Swing & Swing for Appellants.

George H. Moore and Gerald O'C. Egan for Respondent.

JENNINGS, J.—Plaintiffs brought this action to recover damages for personal injuries sustained by them as a result of a collision between a motorcycle on which they were riding and an automobile truck which was driven by the defendant Lingo. The action was tried before the court without a jury and resulted in the rendition of a judgment in favor of plaintiffs against the defendant Lingo and a denial of recovery as to the defendant J. W. Cramp. Plaintiffs have appealed from that portion of the judgment which denied them recovery from defendant Cramp.

The court found that the collision between the motor vehicles which caused the injuries of which appellants complain occurred on October 17, 1931, at which time the defendant Lingo was in possession of the truck and was driving and operating the same and that respondent Cramp was not then in possession of the truck and was not present and did not participate in the negligent and careless acts of the defendant Lingo which the court found were the proximate cause of the injuries sustained by appellants. The court further found that prior to the month of August respondent Cramp had acquired possession of the truck pursuant to the terms of a written conditional sale contract whereby the owner agreed to sell said truck to Cramp upon the payment by him of certain monthly payments and that at the time the contract was made the truck was caused to be registered with the division of motor vehicles of the state of California in the name of the seller as legal owner and in the name of respondent, Cramp, as registered owner and that on the date of the collision the conditional sale contract had not been completed and final payment of the amount due under the contract had not been made. The court further found that prior to the month of August, 1931, respondent, Cramp, and defendant Lingo had been engaged in a joint enterprise and that during said month they had a settlement by which Cramp was found to be indebted to Lingo and in payment of such indebtedness it was orally agreed between them that Lingo should take possession of the truck as owner thereof, whereupon Cramp delivered the truck to Lingo as owner in

full satisfaction of the aforesaid indebtedness and Lingo thereupon assumed the payment of the balance remaining due under the conditional sale contract and made the payments thereon and "that there was no assignment of said conditional sale contract except as aforesaid and no transfer of said truck other than as aforesaid, prior to said 17th day of October, 1931". It is also found that at no time prior to the collision either the vendor under the conditional sale contract or respondent, Cramp, had delivered the certificate of ownership to defendant Lingo and that Lingo never had possession of such certificate of ownership and did not write or cause to be written his signature or his address upon such certificate and that neither Lingo nor anyone on his behalf forwarded the certificate of ownership or the certificate of registration to the division of motor vehicles and that such division of motor vehicles did not, prior to the collision, issue a new certificate of registration or certificate of ownership for said truck to defendant Lingo and that neither Lingo nor Cramp notified the state division of motor vehicles of any sale or transfer of the truck to the defendant Lingo. From the aforesaid findings the court drew the conclusion that respondent, Cramp, was not the owner of the truck at the time of the collision and was not liable to appellants for any injuries suffered by them as a result of such collision.

It is the contention of appellants that, since the court specifically found that there was a failure to comply with the provisions of the California Vehicle Act requiring re-registration of motor vehicles "upon a transfer of the title or interest of a legal owner or owner in or to a vehicle registered under the provisions" of said act, and since subdivision (e) of section 45 of the act unequivocally declares that until such registration has been effected "delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose", the court's conclusion that respondent, Cramp, was not the owner of the truck at the time of the collision is not justified by the findings and its judgment that appellants recover nothing from said respondent is therefore erroneous. Liability of respondent is predicated upon the provisions of section 1714¼ of the Civil Code, which imputes to the owner of a motor vehicle

the negligence of any person using or operating such vehicle with the permission, express or implied, of such owner and fastens upon the owner a liability for injuries caused by the negligence of the person so using or operating the vehicle.

Prior to the enactment of section 1714¼ of the Civil Code by the legislature in 1929, the mere loan of a motor vehicle by the owner thereof did not render him liable for the borrower's conduct in operating it. (*Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738 [179 Pac. 697]; *Barton* v. *McDermott*, 108 Cal. App. 372 [291 Pac. 591].) The above-mentioned statute, however, imposes upon the owner of a motor vehicle, merely by virtue of ownership, a new liability analogous to the liability which arises from the doctrine of *respondeat superior*. (*Sutton* v. *Tanger*, 115 Cal. App. 267, 269 [1 Pac. (2d) 521].) The last paragraph of the statute contains the following language:

"*Vendor and vendee under contracts of conditional sale.* If a motor vehicle be sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this section, but the vendee or his assignee shall be deemed the owner notwithstanding the terms of such contract, until the vendor or his assignee shall retake possession of such motor vehicle. A chattel mortgagee of a motor vehicle out of possession shall not be deemed an owner within the provisions of this section."

■ Since the appeal herein is presented on the judgment-roll alone the court's findings must be liberally construed for the purpose of upholding, rather than defeating, the judgment, and if from the facts found by the court other facts may be inferred which will support the judgment, it will be assumed that the trial court made such inferences. (*Breeze* v. *Brooks*, 97 Cal. 72, 77 [31 Pac. 742, 22 L. R. A. 257]; *Paine* v. *San Bernardino etc. Co.*, 143 Cal. 654, 656 [77 Pac. 659]; *Ochoa* v. *McCush*, 213 Cal. 426, 430 [2 Pac. (2d) 357].) ■ Under this rule we are entitled to assume, in support of the judgment, that the trial court inferred that the oral agreement which it was found was entered into between respondent, Cramp, and defendant Lingo, whereby possession of the truck was transferred to Lingo in full satisfaction of an indebtedness due to Lingo from Cramp, constituted an

assignment by Cramp to Lingo of whatever interest the former had in the truck. The very language of the court's finding stating that there was no assignment of the conditional sale contract "except as aforesaid" and no transfer of the truck "other than as aforesaid" indicates that from the facts it had theretofore found the court drew the inference that the making of the oral agreement by Cramp and Lingo and the delivery of the truck by the former to the latter, the continued possession of the truck by Lingo and the making of the monthly payments by Lingo constituted an assignment. Furthermore, the court's conclusion that respondent was not the owner of the truck at the time of the collision makes it inevitable that the court drew the suggested inference since the above-quoted language of the statute, by virtue of whose provisions alone liability might be fastened upon respondent, states that the original vendor of the truck, under a conditional sale contract, shall not be deemed the owner, but that the vendee or his assignee shall be deemed the owner. Either Cramp or Lingo must therefore have been deemed to be the owner. Since the court drew the conclusion that Cramp was not the owner it necessarily follows that it must have considered Lingo to be the owner, and under the language of the statute it could only have so considered him because the court drew the inference that an assignment had been effected and that thereby Lingo had become the assignee of Cramp.

No difficulty is encountered in indulging in the assumption that the court drew the suggested inference because the assignment from respondent to Lingo was verbal. Section 1052 of the Civil Code specifically provides that a transfer may be made without writing in every case in which a writing is not expressly required by statute. It is therefore the general rule that in the absence of a statute requiring that an assignment be in writing it is immaterial whether it is made orally or by writing. (3 Cal. Jur., sec. 20, p. 262; *Smith* v. *Peck,* 128 Cal. 527 [61 Pac. 77]; *Ralph* v. *Anderson,* 187 Cal. 45 [200 Pac. 940]; *Bruno* v. *Severini,* 51 Cal. App. 163 [196 Pac. 501]; *McGown* v. *Dalzell,* 72 Cal. App. 197 [236 Pac. 941].)

Appellants, however, strenuously contend that because the court's findings show that there was a failure to comply with the provisions of the California Vehicle Act

requiring re-registration of the truck with the division of motor vehicles, no transfer of interest from respondent to Lingo took place and respondent remained the "owner" of the truck and was the owner thereof and subject to the liability created by section 1714¼ of the Civil Code. It must be conceded that the findings unequivocally show noncompliance with the provisions of section 45 of the California Vehicle Act, requiring re-registration of a motor vehicle upon a transfer of the title or interest of "a legal owner or owner in or to a vehicle registered under the provisions of this act". Subdivision (e) of said section is in the following language:

"(e) *Until said division shall have issued said new certificate of registration* and certificate of ownership as hereinbefore in subdivision (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

In *Samuels* v. *Barnet,* 79 Cal. App. 529, 533 [250 Pac. 405, 406], the court, in discussing the meaning of certain language of the California Vehicle Act (Stats. 1919), said: "The section quoted provides that unless these restrictions are followed the 'intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose'. The legislature could scarcely have used words which would have been more expressive of the intention to declare that such transfers could not be effective for any purpose."

Nevertheless, as this court had occasion to observe in *Sly* v. *American Indemnity Co.,* 127 Cal. App. 202 [15 Pac. (2d) 522], the effect of the very broad language of subdivision (e) of section 45 of the act has been appreciably modified by certain decisions wherein purchasers of motor vehicles have been permitted to recover in actions of claim and delivery and for conversion although there had been no compliance with statutory provisions requiring registration and the issuance by the state division of motor vehicles of a new certificate of registration. Furthermore, it is to be noted that by subdivision (a) of section 45 of the California Vehicle Act it is provided that "upon a transfer of the title or interest of a legal owner or owner in or to a vehicle registered" as required by the statute the person whose

interest is to be transferred and the transferee "shall write their signatures" upon the *certificate of ownership* issued for such vehicle, and that by subdivision (b) of said section it is provided that "within ten days thereafter the transferee shall forward both the certificate of ownership so endorsed and the certificate of registration to the division, which shall file the same upon receipt thereof". It is therefore apparent that the duty of setting in motion the machinery of re-registration is cast not upon the transferor but upon the transferee. Yet, in accordance with the contention advanced by appellants, the logical result of interpreting literally the language of subdivision (e) of section 45 is to impose upon the transferor the harsh liability declared in section 1714¼ of the Civil Code, because of the nonperformance by the transferee of the duty imposed by subdivision (b) of section 45 of the California Vehicle Act.

It is urged that the court's findings herein show that respondent failed to comply with the provisions of subdivision (a) requiring that his signature be appended to the certificate of ownership. In this connection it is to be observed that the findings also show that the certificate of ownership which was issued to the seller at the time the truck was sold to respondent under the conditional sale contract remained in the possession of the seller, the legal owner under the contract, at all times material to the present inquiry. In accordance with the general rule heretofore stated we are entitled, in support of the judgment, to indulge in the further inference that the respondent did not have access to the certificate of ownership, which was in the possession of the legal owner, and to assume that the trial court so inferred. We then have presented the situation of a vendee of a motor vehicle under a conditional sale agreement who sells his interest in such vehicle but for some reason beyond his control cannot comply with the duty imposed upon him of attaching his signature to the certificate of ownership. Literal interpretation of subdivision (e) of section 45 of the California Vehicle Act would lead to the conclusion that the transfer from respondent to defendant Lingo under the above narrated circumstances should "be deemed to be incomplete and not to be valid or effective for any purpose". From this it might seem to follow, as appellants contend, that, as the transfer from

respondent to Lingo is to be deemed wholly invalid and ineffective, respondent, being the vendee under the conditional sale contract, must be deemed to be the owner as declared by the language of the final paragraph of section 1714¼ of the Civil Code, and therefore subject to the liability imposed by said statute. In the final analysis this contention rests upon the premise that no assignment of interest from respondent to Lingo was effected, because of the failure of Lingo to forward the necessary certificates to the division of motor vehicles, and therefore the court was not justified in concluding that respondent was not the owner of the truck. It is, however, apparent that respondent's liability is to be measured by the provisions of section 1714¼ of the Civil Code. This statute, as hereinabove noted, imposes upon the owner of a motor vehicle a liability analogous to the liability arising from the familiar legal doctrine of *respondeat superior*. In order that liability shall attach two factors must be present. These are, first, ownership, and second, permission, express or implied, by the owner. Since the statute imposes a new and unusual liability which partakes of the nature of a penalty, it should not, at least, receive a construction favoring the imposition of such liability. (*Snell* v. *Bradbury*, 139 Cal. 379, 382 [73 Pac. 150]; *Merrill* v. *Los Angeles Cotton Mills, Inc.*, 120 Cal. App. 149 [7 Pac. (2d) 329].) The element of permission by the owner necessarily presupposes the right of control by the owner. The legislature obviously recognized that the right of control of a motor vehicle is a necessary incident to its ownership, since the statute which imposes upon the owner of a motor vehicle liability for the negligence of a person using or operating such vehicle with the owner's permission, provides that if a motor vehicle be sold under a contract of conditional sale whereby title remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of the statute, "but the vendee or his assignee shall be deemed the owner, notwithstanding the terms of such contract, until the vendor or his assignee shall retake possession of such motor vehicle". It is thus apparent that the intent of the legislature was to fasten liability upon the individual who is entitled to possession of the motor vehicle and can control its operation rather than upon the individual who is the legal owner.

The vendor of a motor vehicle under a conditional sale contract, although by the provisions of such contract he retains title to the vehicle, and is therefore the owner, has surrendered possession of it and cannot direct its operation. He may not use it himself nor grant permission to another to use it. A similar situation presents itself when the vendee of a motor vehicle under a conditional sale contract makes an assignment of his interest in such vehicle to a third person and surrenders possession of the vehicle to his assignee. The assignee then occupies the position of his assignor. He has possession of the vehicle and may control its operation. The vendee under the conditional sale contract is no longer entitled to use the vehicle or to grant permission to another to use it. He has lost this important incident of ownership. The legislature evidently recognized that the vendee of a motor vehicle under a conditional sale contract might, by assignment, as effectually surrender possession and control of such vehicle as the original vendor did by the terms of the conditional sale contract, for it is provided that "the vendee *or his assignee* shall be deemed the owner". (Italics ours.) Assuming that respondent herein did not have access to the certificate of ownership of the truck, it would be just as reasonable to hold that the vendor under the conditional sale contract is liable for the injuries of appellants as to conclude that respondent is liable. Neither the vendor nor respondent had possession of the truck, neither could control its operation, neither could rightfully permit another to use or operate it. We are therefore of the opinion that the court's conclusion that respondent was not, at the time of the collision, the owner of the truck within the meaning of section 1714¼ of the Civil Code is justified by the court's findings and the inferences which we are entitled to assume the court drew.

Appellants make a further contention that is entitled to consideration. It is urged that notwithstanding the failure to observe the provisions of section 45 of the California Vehicle Act, respondent could have effectually escaped the liability imposed by section 1714¼ of the Civil Code, by compliance with the provisions of section 45¾ of the California Vehicle Act. This latter section is in the following language:

*"Report of transfers and liability of owners.* Whenever the owner of a motor vehicle registered under this act shall sell or transfer his interest in and the possession of said motor vehicle to another, said owner shall immediately notify the division of motor vehicles of such sale or transfer, giving the date of same, the names and addresses of such owner and of the transferee, and such description of the vehicle as may be called for in any official form provided for such purpose by the division; provided, however, that in the event said notice be given or in the event of failure to give said notice, an owner who has made a *bona fide* sale or transfer of such motor vehicle and delivered possession thereof to a purchaser and who has made proper indorsement and delivery of the certificate of ownership as provided in this act, shall not by reason of any of the provisions of this act be deemed the owner of such motor vehicle so as to be subject to liability under the provisions of section 1714¼ of the Civil Code of this state."

By this section an additional duty is imposed upon vendors of motor vehicles registered under the California Vehicle Act. Such vendors are required to give notice to the state division of motor vehicles of sales or transfers of motor vehicles. Irrespective of whether such notice is given it is specifically provided that, in cases of *bona fide* sales of motor vehicles accompanied by change of possession, if proper indorsement and delivery to the certificate of ownership to a purchaser has been made, the owner shall not "by reason of any of the provisions of this act be deemed the owner of such motor vehicle so as to be subject to liability under the provisions of section 1714¼ of the Civil Code of this state."

Section 45¾ of the California Vehicle Act became effective on August 14, 1931. The court found that during the month of August, 1931, respondent and Lingo had a settlement, as a result of which the oral agreement between them was made whereby the truck was turned over to Lingo in full satisfaction of the indebtedness found to be due from respondent to Lingo. We are entitled to assume in support of the judgment that the agreement between these parties was fully consummated prior to August 14, 1931. Section 45¾ of the California Vehicle Act, imposing upon vendors of motor vehicles the additional duty of giving the

notice therein provided, was not, therefore, in effect when the transfer from respondent to Lingo took place. The language of the statute does not indicate that it was intended to be retrospective in its operation. In accordance, therefore, with the well-established rule that statutes are to be construed as operating prospectively unless an intention that they shall have a retrospective effect is clearly expressed, we conclude that this statute did not operate retrospectively and that respondent was under no duty to give to the state division of motor vehicles notice of the transfer of his interest in the truck to Lingo. (*Callet* v. *Alioto,* 210 Cal. 65, 67 [290 Pac. 438].)

For the reasons stated herein the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.