[L. A. No. 14360. In Bank.—October 22, 1934.]

FLOYD S. SISK, as Trustee in Bankruptcy, etc., et al., Appellants, v. CALIFORNIA NATIONAL BANK OF LONG BEACH (a National Banking Association) et al., Respondents.

Newlin & Ashburn, A. W. Brunton and Koenig & Brunton for Appellants.

Dana R. Weller and C. F. Culver for Respondents.

SHENK, J.—Appeal from a judgment for the defendant Barnes. The action was brought to recover the sum of $7,906.02 on deposit with the defendant bank, and levied upon under execution to satisfy partially a judgment of the plaintiff Spencer against the defendant Barnes.

Prior to 1909 Spencer and Barnes were copartners in the sale of certain mining properties. Barnes sold the properties and collected the proceeds. Spencer engaged Messrs. Andrew M. Strong and Lewis R. Works as his attorneys to prosecute his claim against Barnes for an accounting and a share of the proceeds of the sale, under a written agreement to pay his attorneys forty per cent of any recovery. In an action commenced in 1909 in the Superior Court in Los Angeles County, in which an amended complaint was filed by said attorneys in 1912, the plaintiff recovered a judgment for $69,325 against Barnes. Suit on the judgment was brought in the state of Oregon under an agreement with Oregon attorneys, Messrs. Oscar Hayter, W. T. Slater, and F. M. Etheridge, to pay them fifty-five per cent of any amounts recovered in Oregon. There is evidence indicating that there was also an oral agreement by Spencer to pay the California attorneys an additional fifteen per cent of the amounts recovered on the California judgment. The California and Oregon attorneys agreed among themselves respecting a division of their percentages of any proceeds from both judgments. At various times moneys aggregating some $9,000 were collected pursuant to levies of execution and divided forty-five per cent to Spencer and fifty-five per cent to the attorneys.

In December, 1926, in California, an execution was issued and levied upon a credit of $7,906.02 in the name of Legene S. Barnes with the defendant California National Bank of Long Beach. The defendant Elbe Oil Land Development Company claimed the fund. In April, 1928, the present action was commenced by Spencer, represented by Newlin & Ashburn and Arthur T. George, as his attorneys, against Barnes, the bank, and the development company, to determine the ownership of the fund. While the action was pending and on June 19, 1930, Spencer settled the claim against Barnes for the sum of $20,000. In the settlement Spencer was represented by F. D. R. Moote, and Barnes by

G. M. Spicer. Spencer executed and delivered to Grace D. Barnes, wife of the defendant Barnes, an assignment of the California judgment. Mrs. Barnes executed a satisfaction of said judgment which was filed and entered the next day.

Subsequently on motion the five California and Oregon attorneys, or their representatives, who claimed an interest in said judgment and in the fund held under the garnishment, were substituted as parties plaintiff in the action and filed a supplemental complaint. On the trial the Elbe Oil Land Development Company disclaimed any interest in the fund. The issues framed by the supplemental complaint and answer thereto left for determination the main question in this case, viz., whether there existed an assignment by Spencer to the substituted plaintiffs of fifty-five per cent of the California judgment and whether the defendant Barnes and his wife had such notice or knowledge of any assignment as to prevent the effect of the satisfaction of the judgment in so far as the interest of the substituted plaintiffs was concerned.

The trial court found that Spencer did not assign any part of the California judgment to any of the substituted plaintiffs, and that the latter had no right, title or interest therein or in the fund, and rendered judgment for the defendant Barnes. The principal assignment of error on this appeal by the substituted plaintiffs is that there is no support in the evidence for that finding.

The appellants predicate their ownership of fifty-five per cent of the judgment and their right to recover in this action on an alleged written assignment to the California attorneys of forty per cent of the California judgment in 1912, when the judgment was rendered, and an additional fifteen per cent in 1913 when the Oregon action was commenced, and of which the defendant Barnes, Mrs. Barnes and their attorney Spicer had knowledge. No such assignment was ever recorded and no written assignment was produced; but proof of the circumstances of its alleged loss was furnished. There is nothing in the findings of the trial court to negative the existence of an understanding between Spencer, on the one hand, and the attorneys on the other, that the latter were to have fifty-five per cent of any amounts recovered on the California judgment, as well as on the Oregon judgment. There is evidence in the rec-

ord, however, to support the conclusion of the trial court, furnished by the testimony of both the plaintiff Spencer and the appellants, that the only written agreement between the parties was the agreement made before or about the time the amended complaint was filed, which fixed a contingent fee of forty per cent of any recovery. The plaintiff testified that such a written agreement or "assignment" was made. Also, in a written statement made by Lewis R. Works and received in evidence he said: "I remember that Mr. Strong and Mr. Spencer came together to me to enlist my services in the trial of the case. After a conversation between us it was agreed that Mr. Spencer should make written assignment to Mr. Strong and myself of a certain percentage of any judgment to be procured, the amount of which percentage I do not now remember. My recollection is that I was told, but do not know when, that this assignment had been executed, but I do not recollect ever having seen it and it is possible, and in fact probable, that I never did see it. If it was ever in my possession it was turned over in 1913, when I went on the superior bench, to my then partner. . . . " In view of this testimony and the inferences and deductions which the trial court could reasonably draw from the whole evidence, we may not declare that the finding that there was no assignment of an interest in the judgment is without support in the record.

It is contended that nevertheless the trial court should have found that an equitable assignment was created which operated to effect a transfer to Mrs. Barnes only of Spencer's forty-five per cent share. In this respect reliance is placed on the proof of the lost written agreement for a contingent fee of forty per cent, the oral understanding for the additional fifteen per cent, the conduct of the plaintiff based thereon, together with sufficient evidence, so it is claimed, in the record that the understanding respecting the 55–45 per cent division of the proceeds of the judgment was known at least to defendant Barnes and Attorney Spicer, who acted for both Mr. and Mrs. Barnes in the settlement, assignment, and satisfaction of the judgment.

That an equitable prior assignment may be created under such circumstances that to deny its existence would be to permit a fraud to be perpetrated by the subsequent assignee

upon the persons claiming under the equitable assignment is, perhaps, not open to question. Reliance is placed upon *La Fetra* v. *Hudson Trust Co.*, 203 App. Div. 729 [197 N. Y. Supp. 332], as a case involving circumstances similar to those presented here and for that reason an authority that in the present case an equitable assignment existed of which the defendant Barnes and Mrs. Barnes had notice. In that case the plaintiff had prosecuted to judgment a claim in behalf of one Springer, under a contract of employment pursuant to which the plaintiff attorney was to receive forty per cent of the recovery. In a certain loan transaction between Springer and the defendant in that action, the latter demanded additional security. Springer offered to put up an assignment of the judgment, but stipulated with Lewis, the defendant's treasurer, that he was the owner of but sixty per cent of the judgment and that the plaintiff was the owner of the remaining forty per. cent, and he could therefore assign but the sixty per cent interest owned by him. Lewis, however, in order to make a showing to the directors of the bank, insisted on a transfer of the whole judgment in form, on the assumption that there would be sufficient security without applying the assignment, or at least the plaintiff's interest in the judgment, to the satisfaction of the debt. Lewis himself then so prepared the assignment and had Springer execute it. The defendant in that case applied the whole of the proceeds of the judgment to Springer's indebtedness to it. The trial court directed a verdict for the defendant. On appeal the judgment entered on that verdict was reversed and judgment directed for the plaintiff on the ground of the existence of an equitable assignment to the plaintiff of which the defendant had notice. What was stressed in that case as giving basis to the conclusion that an equitable assignment existed which was binding on the defendant was not so much the fact of the understanding between the attorney and his client, which standing alone constituted no transfer of any interest in or, under the facts of that case, any lien on the judgment, but the fact that the client had informed the defendant that he had "assigned" forty per cent of the judgment to the attorney, and himself owned but sixty per cent which was available as collateral security.

There is no comparable evidence in the case before us. It may be assumed that the defendant Barnes supposed that some understanding existed as between Spencer and the appellants, based on a contingent fee arrangement, for a division of the proceeds of the judgment, but this is far different from saying that the defendant's knowledge was that an assignment of a partial interest in the judgment existed. Without some further notice to the defendant, such as existed in the case of *La Fetra* v. *Hudson Trust Co., supra,* or in the case of *McGown* v. *Dalzell,* 72 Cal. App. 197 [236 Pac. 941], of facts showing an intent to transfer an interest in the judgment to the appellants, there is nothing in the defendant's supposed knowledge of an arrangement for a contingent fee based on a percentage necessarily to inhibit his activities to obtain a settlement and satisfaction of the judgment and thus a release of the garnishment. (*Mansfield* v. *Dorland,* 2 Cal. 507; *Gage* v. *Atwater,* 136 Cal. 170 [68 Pac. 581]; 3 Cal. Jur., p. 682.) It may be argued and it may be assumed that notice of only such facts as actually existed would not have affected the final result in the La Fetra case. But it must be remembered that the present case is not an action against a third person having knowledge of the facts, to whom the proceeds of the judgment were paid, for a partial recovery thereof. Here the attempt is to bind the judgment debtor, after the judgment has been settled and satisfied, to respond to the appellants' claim of an interest in the judgment. The question of the defendant's knowledge was primarily one for the trial court. The record shows that the trial court was justified in concluding inferentially either that Barnes had no actual knowledge of the arrangement between Spencer and his attorneys, or that the knowledge possessed by him, in the absence of any notice or knowledge of an actual assignment to the appellants of an interest in the judgment, would serve only to give rise to a belief that the extent of the appellants' rights was to a percentage of the proceeds of the settlement in the hands of Spencer. The fact of the assignment of the judgment by Spencer to Mrs. Barnes is not sufficient to affect the conclusion in that respect. We cannot say on the whole record that the court erred in failing to find that an equitable assignment existed so as to prevent the full operation of the satisfaction of the judg-

ment in this case and permit a recovery against the judgment debtor Barnes.

Other questions presented do not require discussion. We perceive no prejudicial error in any of the rulings of the trial court.

The judgment is affirmed.

Preston, J., Curtis, J., Langdon, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.