**DESSER, RAU & HOFFMAN and Jack L. Rau, Individually, Appellants,**

v.

**George T. GOGGIN, Trustee in Bankruptcy of Stockholders Publishing Company, Inc., a bankrupt, Appellee.**

No. 15073.

United States Court of Appeals Ninth Circuit.

Jan. 8, 1957.

Rehearing Denied March 6, 1957.

Desser & Hoffman, David R. Nisall, Jack L. Rau, Theodore E. Rein, Beverly Hills, Cal., for appellants.

Robert H. Shutan, Beverly Hills, Cal., Craig, Weller & Laugharn, Los Angeles, Cal., for appellee.

Before ORR, LEMMON and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

Before its demise the Daily News of Los Angeles was published by the now bankrupt Stockholders Publishing Company, Inc. During the period December 1, 1953, to December 31, 1954, the company was represented by the Los Angeles law partners, Desser, Rau & Hoffman.

On December 31, 1954, a petition in involuntary bankruptcy was filed against the company. Subsequently an adjudication of bankruptcy was made. The lawyers were not only not paid for their services, which must have been extensive, but they are out of pocket moneys in the amount of $3,217.68 expended for Stockholders on travel about these United States and for telephone toll charges paid. The accuracy of the balance has never been questioned.

On January 5, 1955, Desser, Rau & Hoffman reported to Goggin, then receiver and now trustee, that they held a balance of $16,163.15 belonging to Stockholders in a separate account established on December 20, 1954, in the Union Bank & Trust Co. of Los Angeles under the name of "Jack L. Rau, Special Account." Rau, of course, was one of the partners. Shortly after January 5, Rau remitted the undisputed amount of $12,945.47 to the receiver. The balance then left $3,217.68, an amount exactly equivalent to Desser, Rau & Hoffman's out of pocket expenditures. Presumably the balance is still in the account. As to this sum, the lawyer partners claim a right of setoff. To this the receiver did not and does not accede.

Accordingly, on January 21, 1955, the lawyers filed a petition to establish the setoff before the referee who had the affairs of Stockholders for supervision.

A hearing was held and the matter briefed by respective counsel. The referee held that Rau "held the moneys in the account as trustee or agent of the bankrupt and that the account was the property of the bankrupt." The setoff was disallowed and Rau was ordered to pay the balance of the money over to the referee. Review was had before the district court which sustained the referee. The order of the court now comes to this court on appeal.

It should be related that on December 18, 1954, Stockholders was in serious financial trouble and had authorized its attorneys (Desser among those attending the meeting) to file a petition for voluntary bankruptcy of the company. It also appears that the scheme for the account in Rau's name was arranged at the same meeting. The purpose of the account seems to have been to set aside funds for the immediate needs of the company in a temporary haven of refuge in the name of an agent with his principal undisclosed. No one has suggested that any aspects of the plan were less than honorable.

■ It appears that any amount expended by Desser, Rau and Hoffman after December 20, 1954, was almost de minimis. In other words most of the debt for moneys expended by the lawyers antedated the establishment of the Rau account. In the view this court takes of the law applicable, the question of voidable preference is not reached, although it is argued in the briefs.

At the outset, this court is of the opinion that the case should be decided the same as it would be if the account had stood in the name of "Desser, Rau & Hoffman, special account." Rau had no real connections with the business of the Stockholders company other than his firm's business. We think what he was doing was in truth an act and conduct of the firm.

Thus we come to the application of Sec. 68, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 108, sub. a, which reads as follows:

"In all cases of mutual debts or mutual credits between the estate of the bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

■ It is our construction, after considering the decisions, that the lawyer partners are not entitled to setoff.

Here the firm and Rau had no duties with respect to the account but to disburse them as directed. They had no beneficial interest whatsoever in the account. It is true that there are some cases where perhaps some fiduciary duties exist between the parties and an offset has been allowed. But we are of the opinion that where the res is one in which the agent has no beneficial interest, nothing more than a desire now to be paid out of the res, that the purposes of a trust are inconsistent with the allowance of mutual debts or credits as between the trustee as a trustee and separate creditor of the beneficiary-debtor. At least that is the way we read Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571. While it is not a new case, its authority does not seem impaired.

■ While we think it unnecessary to ground our decision on the proposition, we think the California law on attorneys liens affords a second block to the appellants. As we understand the California law, absent any bankruptcy, the law firm could not have asserted any lien against the money in the Rau account. (There obviously was no agreement for a lien.) See 6 Cal.Jur.2d 410, et seq., Ex parte Kyle, 1 Cal. 331; Jones v. Martin, 41 Cal.2d 23, 256 P.2d 905. This proscription alone by California of the lien would distinguish our case of Half Moon Fruit & Produce Co. v. Floyd, 9 Cir., 60 F.2d 799.

■ It is not our problem to here catalogue the cases where setoff is allowed. But we do think that where it is allowed against property in the creditor's hands the creditor must already have some beneficial interest of his own in or against the subject property, at least an equitable lien.

The partners rely on In re W. & A. Bacon, D.C.Mass., 261 F. 109. There offset of a creditor's balance for services due from debtor was allowed against moneys collected by the creditor on C.O.D. deliveries for the account of the debtor. There the court found that the debtor long had acquiesced in the commingling of collections with the creditors' own funds and that there was no trust. And it seems clear enough that in Half Moon Fruit & Produce Co. v. Floyd, supra, the bankrupt's creditor had at least a qualified property right in the res in his hands.

■ Appellants advance the theory that Rule 13(a), Rules of Civil Procedure, 28 U.S.C.A., strengthens their position under Section 68, sub. a, of the Bankruptcy Act. We cannot agree that this procedural rule would grant a substantial substantive right which did not otherwise exist.

■ We are convinced in the type of case, of which this is one, where no right of setoff or any other right against the fund existed before bankruptcy that one cannot now establish the setoff.

Maybe as a matter of legislative policy a scrupulous, faithful trustee should have as much right of offset for a collateral debt as those who commingled (with the consent of the rightful owners) in Bacon, supra, but our judgment is that we are not at liberty to give it.

The final order of the district court is affirmed.